Argued March 30, reversed April 20, 1955

# STATE OF OREGON *v.* CORY
### 282 P. 2d 1054

236

*Charles O. Porter,* Eugene, argued the cause and filed a brief for appellant.

*Robert M. Stults,* District Attorney, Roseburg, argued the cause. With him on the brief was Warren A. Woodruff, Deputy District Attorney, Roseburg.

LATOURETTE, J.

William Frank Cory was indicted, tried and convicted for the violation of § 25-112, OCLA (ORS 166.210, 166.270), which, among other things, forbids convicts from possessing firearms. On December 18, 1953, he was sentenced to four years in the penitentiary. Thereupon the district attorney filed an information charging Cory with being an habitual criminal. After trial a conviction was had on said information. Thereafter the trial court set aside the four-year sentence and imposed a sentence of 15 years in the penitentiary. Defendant appeals.

In the firearms case defendant's two assignments of error lack merit. It is first urged that the court erred in denying defendant's motion for a new trial. The point raised is that the court improperly instructed the jury. Since no exception was taken at the trial to the instruction given the question is foreclosed. It is next argued that defendant was entitled to a new trial because the state had placed a microphone in defendant's cell for the purpose of eavesdropping on the conversation between defendant and his counsel. The occurrence complained of happened after the trial was concluded. The court's refusal to grant a new trial on this ground obviously constituted no error.

Turning to the habitual criminal case, defendant moved in the trial court to quash and dismiss the information filed by the district attorney on the grounds that the Oregon Habitual Criminal Act is unconstitutional as applied to this case. This presents a grave constitutional question involving the Equal Protection Clauses of the state and federal constitutions. The information presented by the district attorney charged defendant with being an habitual criminal in that he had committed three previous felonies, to wit:

"On March 8, 1941, the above named William Frank Cory was convicted of the crimes of Breaking into and Entering a Post Office with Intent to Commit Larceny and Larceny of Government Property in the United States District Court for the Western District of Oklahoma and was sentenced to three years in a federal reformatory;

"On March 8, 1943, the above named William Frank Cory was convicted of the crimes of Breaking into and Entering a Post Office of the United States and Stealing United States Post Office Property in the United States District Court for the Northern District of Texas, Fort Worth Division, and was sentenced to two years in a federal reformatory;

"On August 24, 1949, the above named William Frank Cory was convicted of the crime of Attempted Burglary in the Second Degree in the District Court of the Third Judicial District in and for Salt Lake County, Utah, and was sentenced to six months to ten years in Utah State Prison."

By ch 383, Oregon Laws 1951, the legislature amended § 4, ch 585, Oregon Laws 1947, now ORS 168.040, as follows:

"(1) If at any time within two years after conviction the district attorney of the county in which the conviction was had has reason to believe that the convicted person has previously been convicted within or without this state of any felony, he shall immediately investigate.

"(2) If, upon investigation, it is determined by competent evidence that the person has been so previously convicted, the district attorney, in cases of crime involving violence or threat of violence to person, shall, and in other cases, may, immediately file an information accusing the person of the previous convictions and serve a copy of the information upon him. The information shall be filed within two years after the last conviction, and a copy served on the defendant 30 days before any further proceedings are taken in court.

"* * * * *"

Under the 1947 act it was the duty of the district attorney to file informations accusing persons of previous felony convictions in all cases, irrespective of the lack of personal violence. It will be seen that the 1951 amendment above quoted gives to the district attorney unbridled discretion to determine whether he will or will not proceed by information against a person who has theretofore been convicted of a felony not involving personal violence.

A scholarly analysis of the Equal Protection Clause of both state and federal constitutions is found in the opinion by Mr. Justice BRAND in the case of *State v. Pirkey*, 203 Or 697, 281 P2d 698, a portion of which reads as follows:

"The provisions of the Equal Protection Clause of the Fourteenth Amendment apply as limitations upon all instrumentalities through which the state acts. * * * In the first instance, of course, it applies to the legislative department. The Equal Protection Clause of the Fourteenth Amendment, and Article I, Section 20 of the Oregon Constitution are alike in that they constitute similar limitations upon legislative action for the protection of the individual from arbitrary or capricious legislation. * * * Affirmatively stated, both provisions constitute a pledge of the protection of equal laws. * * * The Constitution does not require that a

law shall affect all persons exactly alike, but there is a guaranty of like treatment to all persons similarly situated. It is not the purpose of either constitutional provision to take from the states the right and power to classify the subjects of legislation. It is only when such attempted classification is arbitrary and unreasonable that the courts can declare it to be beyond the legislative authority. * * * This is not to lay down a general rule that the courts will invalidate statutes merely because they are unreasonable. The Constitution does imply that if by statute the conduct of one person or group produces a certain legal consequence, while the conduct of another person or group produces a different legal consequence, there must be some rational distinction between the persons or groups of persons in question sufficient to warrant the application to them of different legal consequences for their acts. If there is no rational basis for classifying one person or group of persons as being subject to one statutory regulation, while subjecting others to a different regulation, then the legislation must fall under the constitutional provision. * * * "* * * * *

"The Fourteenth Amendment operates to forbid discrimination by the states against persons or classes in criminal cases. * * * And it has been held that a statute which prescribes different punishments or different degrees of punishment for the same acts committed under the same circumstances by persons in like situation is violative of the Equal Protection Clause. * * *"

In the Pirkey case we struck down a statute as unconstitutional under the Equal Protection Clause which gave the grand jury or magistrate the discretion to determine whether a person having drawn a check on a bank with insufficient funds should be prosecuted for a misdemeanor or a felony. In that case we said:

"* * * But we have yet to comment on the outrageous effect of granting this power of choice

to a grand jury or magistrate. * * * It would be monstrous to uphold and enforce a statute which authorized a grand jury or magistrate to determine finally whether an accused should receive a fine or a jail sentence, on the one hand, or a penitentiary sentence, on the other, * * *."

If the insufficient fund statute is unconstitutional because it grants to the grand jury or magistrate the power to choose whether or not proceedings shall be had as a misdemeanor or felony, a fortiori that portion of the habitual criminal act which gives the district attorney unlimited authority to proceed or not to proceed at all against a convicted felon in personal, nonviolent cases, should also be held unconstitutional.

■ In the portion of the statute being considered there is no yardstick or semblance of classification which would enable the district attorney to determine under what circumstances an information should be filed. The exercise of an absolute discretion is vested in the district attorney in such a circumstance. In other words, the fate of persons, even to the extent of life imprisonment, who have committed the same acts under the same circumstances and in like situations is determined by the whim and caprice of the district attorney. We hold the portion of ORS 168.040 reading "and in other cases, may" unconstitutional.

■ In considering the three charges of previous convictions set out in the information, it is obvious that none of them involves violence or threat of violence to person. This being so, the habitual criminal proceedings are void ab initio and the sentence based thereon is likewise invalid.

Judgment reversed with instructions to reinstate the original sentence of four years.