Clifford **DAUGHARTY**, Petitioner,

v.

Clarence T. **GLADDEN**, Warden, Oregon State Penitentiary, Respondent.

Civ. No. 9080.

United States District Court
D. Oregon.

April 22, 1957.

Clifford Daugharty in pro. per.

No appearance for respondent.

EAST, District Judge.

This matter comes on for consideration upon the petition of Clifford Daugharty, above named, (plaintiff) filed herein on March 27, 1957, for a writ of habeas corpus from this Court commanding Clarence T. Gladden, as the Warden of

the Oregon State Penitentiary, (defendant) to comply with the terms of such writ with the view of restoring to the plaintiff rightful liberty and freedom.

This is the third time the plaintiff has sought similar relief from this Court and our course has been plotted for us by the following order of the Hon. William Denman, Chief Judge, United States Court of Appeals for the Ninth Circuit, entered on June 7, 1956, "In the Matter of the Application for a Writ of Habeas Corpus of Clifford Daugharty" then pending before Chief Judge Denman, viz.:

"Daugharty, a prisoner in the custody of the State of Oregon, has sent to me 'A Motion for Leave to File a Petition for a Writ of Habeas Corpus.' He alleges facts which may or may not bring his case within the exception to 28 U.S.C. § 2254, which provides:

" 'An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted *unless it appears that* the applicant has exhausted the remedies available in the courts of the state, or that *there is* either an absence of available State corrective process *or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.'* (Emphasis added.)

"Daugharty's remedy, if any, is by a verified application to the District Court fully alleging the facts which indicate that the process of the State of Oregon is 'ineffective to protect' his rights. Cf. Matter of Bailleaux, May 18, 1956.

"The motion is denied."

On July 11, 1956, plaintiff herein filed in Civil Case No. 8615, pending in this Court, a petition for writ of habeas corpus, which petition was denied by order made and entered herein. Thereafter the plaintiff in that case, as appellant, appealed the cause to the United States Court of Appeals for the Ninth Circuit. Whereupon, the United States Court of Appeals, in the matter pending before it designated as Misc. No. 569, entitled, "Clifford Daugharty, Petitioner, vs. Clarence T. Gladden, Warden, Oregon State Penitentiary, Respondent," issued the following order, dated September 13, 1956:

"The motion for issuance of a certificate of probable cause, and the motion to proceed on the appeal in forma pauperis, were denied by the trial court.

"A like petition appears to be presently pending in the Supreme Court of Oregon.

"Therefore, the motion to proceed in forma pauperis on appeal, is denied."

It appears from plaintiff's petition that he is now in the custody of the defendant under and pursuant to a judgment and sentence order made and entered on November 20, 1951, by the Circuit Court of the State of Oregon for Deschutes County in a matter then pending before said Court, entitled: "State of Oregon, Plaintiff, vs. C. M. Daugharty, Defendant," wherein and whereby the plaintiff was sentenced to serve not to exceed fifteen years in the Oregon State Penitentiary, in Salem, Oregon, following his conviction upon a verdict of a jury of guilty of the crime of knowingly uttering and publishing a forged bank check (Oregon Compiled Laws Annotated, Sec. 23–560).

The plaintiff urges that the aforesaid judgment and conviction order is void by reason of the fact that his constitutional rights, guaranteed under the Constitution of the State of Oregon, have been abridged. The plaintiff further contends that his constitutional rights under the equal protection clauses of the Fourteenth Amendment to the Constitution of the United States have been abridged, as shown by the following procedures had in the courts of the state of Oregon:

On or about December 9, 1954, the plaintiff filed his petition for a writ of habeas corpus in the Circuit Court of

the State of Oregon for Marion County, a court of proper venue (Marion County Circuit Court) seeking his release from custody of the defendant under and pursuant to the aforesaid judgment and conviction order, on the alleged grounds that the statute under which he was convicted was unconstitutional, and that other constitutional rights of the plaintiff under the Oregon Constitution had been abridged during the course of his trial in the state Circuit Court.

On July 11, 1956, the Marion County Circuit Court, aforesaid, entered its order denying the petition of the plaintiff. On July 24, 1956, the plaintiff filed in said Circuit Court proceedings, his notice of appeal to the Supreme Court of the State of Oregon from the aforesaid order of denial and dismissal of plaintiff's petition.

On August 17, 1956, plaintiff filed in the Supreme Court of the State of Oregon a petition for leave to appeal from the aforesaid adverse decision of the Marion County Circuit Court without the payment of the Supreme Court's statutory filing fees,[1] or posting the statutory undertaking on appeal.[2] This petition was allowed on August 20, 1956.

On September 26, 1956, plaintiff filed his motion for praecipe on appeal in the Supreme Court of the State of Oregon, seeking an order of the Court.

"commanding the Clerk of Marion County, Salem, to prepare and deliver to the Supreme Court of Oregon, the record in the case of Daugharty v. Gladden, Civil Case No. 41586.

"That by reason of his poverty, the appellant is unable to obtain such record, to prepay the costs of service and certification of said record.[3]

"Said record on appeal shall consist of the following documents:

"(1) Notice of Appeal—Proof of Service.

"(2) Short Transcript.[4]

"(3) Final Judgment entered in Civil Case No. 41586, by Circuit Court of Oregon, Marion County.

"(4) Transcript of Trial, entered as an Exhibit (subpoened from Civil Case No. 38752, Marion County, Salem).

"(5) And all exhibits entered in Civil Case No. 41586.

"(6) Return to Writ of habeas corpus."

On October 3, 1956, the Supreme Court of the State of Oregon denied plaintiff's aforesaid motion for praecipe on appeal in its entirety.[5]

On November 21, 1956, the Attorney General in and for the State of Oregon, filed his motion in the Supreme Court for an order to dismiss the plaintiff's appeal from the order of dismissal entered by the Marion County Circuit Court.

On November 25, 1956, the plaintiff filed in the United States Supreme Court a petition for a writ of certiorari as to the aforesaid order of the Supreme Court of the State of Oregon.

On December 28, 1956, the Supreme Court of the State of Oregon allowed

---

1. Oregon Revised Statutes, Sec. 21.010: "The appellant in a civil case, upon filing his transcript in the Supreme Court, shall pay to the clerk thereof, in advance, the sum of $20, * * * "

2. Oregon Revised Statutes, Sec. 19.040: " * * * (1) the undertaking of the appellant shall be given with one or more sureties, to the effect that the appellant will pay all damages, costs and disbursements which may be awarded against him on the appeal;"

3. O.R.S. 21.115 and 21.220.

4. O.R.S. 19.070: "(1) Within 30 days

after the appeal is perfected, the appellant shall file with the clerk of the appellate court a transcript, which shall consist of a copy of the judgment or decree appealed from, of the notice of appeal, with proof of service thereof, and of the undertaking on appeal, with proof of service thereof, * * * ".

5. "This court is without statutory authority to direct the circuit judge to require the treasurer of Marion County to post an undertaking on appeal for plaintiff or pay all fees and costs on appeal." Barber v. Gladden, Or., 298 P.2d 986, 988.

the aforesaid motion of the Attorney General and plaintiff's appeal was dismissed.

■■■ On February 25, 1957, the United States Supreme Court denied plaintiff's petition for a writ of certiorari, 352 U.S. 1009, 77 S.Ct. 574, 1 L.Ed.2d 554.

Now at this point we are required to determine whether it appears that the plaintiff:

(a) "has exhausted the remedies available in the Courts of the State (Oregon), or

"(b) that there is an absence of available state corrective process * * * to protect the rights of the prisoner (plaintiff)"

Taking up first sub-division (b) of our query, this Court is of the firm opinion that the decision of the United States Supreme Court entered on April 23, 1956, in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, is our directive. This Supreme Court decision is fully analyzed in the decision of the Oregon Supreme Court in Barber v. Gladden, supra, which acknowledges the decision as its directive and advises this Court as to the law of the State of Oregon. In Griffin v. People of State of Illinois, the defendants had been convicted of armed robbery and they had requested of the trial court an order requiring they be furnished without cost a certified copy of the entire record including a transcript of the proceedings. It appeared that the defendants were paupers and that under Illinois law, "in order to get full direct appellate review of alleged errors by a writ of error it is necessary for the defendant to furnish the appellate court with a bill of exceptions or report of proceedings at the trial certified by the trial judge. As Illinois conceded, it is sometimes impossible to prepare such bills of exceptions or reports without a stenographic transcript of the trial proceedings." Griffin v. People of State of Illinois, supra [351 U.S. 12, 76 S.Ct. 588]. Under Illinois law, except in case of defendants

sentenced to death, "defendants needing a transcript, whether indigent or not, must themselves buy it."

This request was denied by the trial court and the defendants insist that the failure to provide them with a transcript violated the constitutional rights under the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States.

As to Griffin v. People of State of Illinois, supra, suffice to say that it dealt with a provision of the Illinois Constitution which is similar to Article I, Sec. 10 of the Oregon Constitution, reading:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

The language of the Supreme Court decision, inter alia, advises:

" * * * It is true that a State is not required by the Federal Constitution to provide appellate courts or a right to appellate review at all. See, e. g., McKane v. Durston, 153 U.S. 684, 687–688, 14 S.Ct. 913, 914–915, 38 L.Ed. 867. But that is not to say that a State that does grant appellate review can do so in a way that discriminates against some convicted defendants on account of their poverty. Appellate review has now become an integral part of the Illinois trial system for finally adjudicating the guilt or innocence of a defendant. Consequently at all stages of the proceedings the Due Process and Equal Protection Clauses protect persons like petitioners from invidious discriminations. * * * "

The judgment of the Illinois Supreme Court affirming the action of the trial court was vacated and the cause remanded.

To point up the applicability of the teaching of Griffin v. People of State of Illinois, supra, to the instant situation,

this Court adopts the language of the Oregon Supreme Court, in Barber v. Gladden, supra, commencing at page 990 of 298 P.2d:

"In the pending case the plaintiff brought habeas corpus, which necessarily involved claims of violation of his constitutional rights rendering the judgment of conviction not only erroneous, but void. We feel forced to the conclusion that the United States Supreme Court, as at present constituted, would hold that the case at bar presented more potent ground for relief than appeared in Griffin v. [People of State of] Illinois.

"If a pauper who appeals to a state supreme court from alleged ordinary nonconstitutional errors of law is entitled, under the Equal Protection Clause, to such assistance as will make possible the fair presentation of his case, then surely the United States Supreme Court would hold that a pauper who claims that he is imprisoned under a void judgment would be entitled under the same clause to the waiver of the requirement of a bond for costs if such waiver is necessary to the presentation of his appeal. It may be that a distinction will be suggested between the two cases, because Griffin v. [People of State of] Illinois was a criminal appeal whereas Barber's appeal is in a civil action for habeas corpus. But the argument cuts the wrong way. To be sure, habeas corpus is in form a civil proceeding, but it is one based upon provisions of the Oregon Constitution. Its function, as applied to persons imprisoned for crime, is to afford relief from confinement under a void judgment, a wrong which transcends in seriousness mere errors of law at a trial.

"We are bound to enforce the statutory provision requiring the filing of an appeal bond, unless that provision as applied to the case of an indigent appellant, is unconstitutional. We are forced, not by our own reasoning, but by the necessary implica-

tions of the decision of the United States Supreme Court, to hold that the enforcement in this case of the requirement for an appeal bond would violate the Equal Protection Clause of the Fourteenth Amendment and therefore that the statute is to that extent and in this application, unconstitutional."

This Court is of the opinion that for like reasons the statutes of Oregon requiring the payment of fees to the County Clerk as ex-officio Clerk of the Circuit Court, in order to obtain a transcript required by the statutes of Oregon relative to appeals to the Supreme Court are unconstitutional and violative of the constitutional rights of plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States. In particular, the plaintiff was denied an appellate review of the Circuit Court order dismissing his writ of habeas corpus for the reason that he was without funds to pay for the same.

It does not appear from the record that the plaintiff made any request of the trial court hearing his writ of habeas corpus for relief from the statutory requirement for the payment of fees in order to obtain a transcript, nor does the statute of Oregon grant any authority to the trial court to order the payment of any such fees out of public funds. Whether or not the trial court would have inherent power to order the same is moot. However, there is precedent for such action by the order of the Circuit Court of the State of Oregon for Douglas County in a criminal action pending before it entitled, State of Oregon v. Cory (1954). The appeal resulting therefrom and perfected at public expense resulted in a reversal of the defendant's conviction upon constitutional grounds. State v. Cory, 204 Or. 235, 282 P.2d 1054.

The fact remains that in the instant case the plaintiff's appeal to the Supreme Court from the order of dismissal of the Marion County Circuit Court was dismissed for the failure of filing a transcript which required a payment of fees to obtain. It is concluded, therefore, that

so far as plaintiff's attempted appeal to the Supreme Court of Oregon is concerned, there was "an absence of available state corrective process to protect the rights of the prisoner." Appellate review of a judicial determination cannot be on one hand allowed the rich, and on the other, denied the poor.

It must go without saying that the foregoing is in nowise a determination that the plaintiff's constitutional rights were or were not violated in either the original criminal proceedings or in the subsequent habeas corpus proceedings held in the Circuit Court of the State of Oregon. We are merely assuming the claims of the plaintiff to be true for the sake of determining the jurisdictional problem involved.

At this point we tackle subsection (a) of our query. Article VII (Amended) of the Constitution of the State of Oregon provides, inter alia:

> Sec. 1. "The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. * * *"

> Sec. 2. " * * * But the supreme court may, in its own discretion, take original jurisdiction in mandamus, quo warranto and habeas corpus proceedings."

and we find that Oregon Revised Statutes, Sec. 34.365, provides:

> "Any court of the State of Oregon may authorize the filing of a petition for a writ of habeas corpus by or on behalf of any person imprisoned or otherwise restrained of his liberty by virtue of a charge or conviction of crime without payment of the filing fees therefor, if such person presents to the court or judge thereof satisfactory proof, by affidavit and as otherwise required by such judge, that he is unable to pay such fees."

In these proceedings the plaintiff sought an adjudication by the Supreme Court of the State of Oregon of his claims and contentions of illegal imprisonment pursuant to a void judgment of the Circuit Court of the State of Oregon based upon constitutional grounds. It further appears that a final adjudication of these claims and contentions by way of an appellate review of the trial court's denial of relief was blocked and prevented by the application and enforcement of unconstitutional statutes. However, the above quoted Article of the Constitution of the State of Oregon and sections of the Oregon Revised Statutes provide a remedy for the final adjudication of the plaintiff's claims and contentions aforesaid by the Supreme Court of the State of Oregon in an original proceeding of habeas corpus in forma pauperis.

Therefore, this Court is of the opinion that the plaintiff has not "exhausted the remedies available [to him] in the courts of the State [Oregon] * * *" and concludes that this Court is without jurisdiction in these instant proceedings and plaintiff's petition for a writ of habeas corpus herein should be denied.

It is so ordered.