Clifford DAUGHARTY, Petitioner,

v.

Clarence T. GLADDEN, Warden, Oregon
State Penitentiary, Salem, Oregon,
Respondent.

Civ. No. 9080.

United States District Court
D. Oregon.

Nov. 17, 1959.

John R. Brooke and Ben F. Forbes,
Portland, Or., for petitioner.

Robert Y. Thornton, Atty. Gen. of
Oregon, Robert G. Danielson, Asst. Atty.
Gen., Salem, Or., for respondent.

EAST, District Judge.

The Petitioner Clifford Daugharty
(Petitioner) was convicted of a violation
of a criminal statute of the State of Oregon and sentenced to imprisonment for a
period of 15 years. Thereafter, he filed
a Petition for a Writ of Habeas Corpus

in the Circuit Court of the State of Oregon for Marion County. The record reveals that this Petition was denied by that Court. The petitioner then sought an appeal to the Supreme Court of the State of Oregon, which appeal was dismissed because the petitioner was unable to pay the requisite fees to file certain records and transcripts necessary for the appeal, pursuant to the laws of the State of Oregon.

During his imprisonment the petitioner filed a Petition for a Writ of Habeas Corpus in this Court, which Petition was dismissed D.C., 150 F.Supp. 887 because, seemingly, petitioner had not exhausted all of the remedies available to him in the State Court. This order was appealed in the Court of Appeals for the Ninth Circuit [1] and this Court was reversed and ordered [257 F.2d 760]:

"The cause is remanded to the district court with instructions to enter such orders as may be appropriate to allow Oregon a reasonable time within which to take further proceedings not inconsistent with this opinion, failing which appellant shall be discharged."

Under this direction this Court entered an order [2] allowing the State of Oregon to provide petitioner with a hearing of his appeal on the merits within a reasonable time or discharge him.

1. Daugharty v. Gladden, 257 F.2d 750, at page 760.

2. In the United States District Court
For the District of Oregon

| Clifford Daugharty, Petitioner, vs. Clarence T. Gladden, Warden, Oregon State Penitentiary, Respondent. | Civil No. 9080 |
| --- | --- |

Order Fixing Time for the State of Oregon to take further proceedings consistent with the opinion of the United States Court of Appeals for the Ninth Circuit

The mandate of the United States Court of Appeals for the Ninth Circuit in Clifford Daugharty, appellant, v. Clarence T. Gladden, Warden, Oregon State Penitentiary, appellee, dated July 22, 1958, and heretofore spread upon the records of this Court, provides as follows:

"It is now here ordered and adjudged by this court that the order of the said District Court (this Court) in this cause be and hereby is reversed, and that this cause be, and hereby is remanded to the said District Court with instructions to enter such orders as may be appropriate to allow the State of Oregon a reasonable time within which to take further proceedings not inconsistent with the opinion of this court (Clifford Daugharty, appellant, v. Clarence T. Gladden, Warden, Oregon State Penitentiary, appellee, No. 15,672, June 20, 1958) [257 F.2d 750] failing which appellant shall be discharged."

Following the spreading of the records of this Court of the aforesaid mandate and at the request of the petitioner, this Court appointed Mr. John R. Brooke, a member of the Oregon State Bar, residing and practicing in Portland, Oregon, as an attorney to represent the indigent petitioner in the matters arising under said mandate in this Court. Following which this Court decided that before making orders pursuant to said mandate it would hear the views of counsel representing the respective parties. Consequently, on August 11, 1958, commencing at 11:00 o'clock a. m. in this Court's courtroom in the United States Courthouse, Portland, Oregon, counsel for the respective parties met and the Court heard the views of said counsel concerning the interests of the respective parties.

After hearing counsel for the respective parties, and not being then advised in the premises, the Court took this matter under advisement and, this Court now having the benefit and advice of the orders issued by the United States District Court for the Northern District of California, Southern Division, in the matter entitled Caryl Chessman, petitioner, v. Harley O. Teets, Warden California State Prison, San Quentin, No. 34375, now orders as follows:

That this Court allows the State of Oregon until January 25, 1959, to commence the proceedings in the Supreme Court of the State of Oregon to allow the petitioner a full and complete hearing upon his appeal from the order denying his petition for a writ of habeas corpus in the Circuit Court of the State of Oregon for Marion County, as outlined and delineated in the opinion of the United States Court of Appeals for the Ninth Circuit as aforesaid.

Further, at the written request of this Court by the petitioner, and for his bene-

During the time allowed by the Court, the Legislature of the State of Oregon adopted by legislative action appropriate means for indigent defendants to proceed in forma pauperis, but this legislation would not affect the situation which existed in petitioner's case. Or.Laws 1959, Ch. 636. Also during this period, the Supreme Court of the State of Oregon recalled its original mandate of dismissal and reinstated the petitioner's appeal. Thereafter, counsel was appointed for petitioner by the State Court, the case was heard on its merits and decision was entered adverse to petitioner.

In this hearing upon the application to dismiss the petitioner, the petitioner, through his appointed counsel, contended "that the State Court did not have the requisite jurisdiction to recall its mandate after a period of two years and that, therefore, the court had no jurisdiction to hear the reinstated appeal." This question is raised for the first time in this Court.

It is also contended that in the last adjudication the Supreme Court of the State of Oregon did not discuss in its opinion each and every point raised by the petitioner. A reading of the opinion rendered by the State Court in Daugharty v. Gladden, Or., 341 P.2d 1069, refutes this latter contention. The above cited opinion indicates that all the points raised by petitioner were considered, although not discussed in the opinion.

The jurisdictional problem here involved appears to be twofold: One, the jurisdiction of this Court to hear the matter presented; and, two, the jurisdiction of the Supreme Court of the State of Oregon to hear the appeal upon reinstating it after a lapse of over two years. The questions will be dealt with in that order.

*One*

■ The jurisdiction of this Court is not contested in any of the hearings up to this point, but now the respondent contends that we have no jurisdiction to question the State's action in recalling its mandate after a period of two years and reinstating the appeal.

This Court determined that the petitioner had the right, by virtue of the equal protection clause of the United States Constitution, to have his cause heard on the merits, and that the dismissal by the State Court because of petitioner's inability to provide certain papers and transcripts was a denial of equal protection of the laws. Daugharty v. Gladden, 9 Cir., 1958, 257 F.2d 750.[3] The Court then gave the State of Oregon a reasonable time to provide that hearing. Daugharty v. Gladden, 257 F.2d

fit, to allow time for the preparation for such proceedings in the Supreme Court of the State of Oregon, this Court orders that such proceedings should not commence prior to November 9, 1958.

Further, that in response to the petitioner's request for court appointed counsel to represent the petitioner in the proceedings to be held in the Supreme Court of the State of Oregon, this Court presently makes no order and leaves the matter for action by the Supreme Court of the State of Oregon.

Further, that this Court retains jurisdiction of these proceedings for the purpose of entering such orders as are or may be required by the mandate of the United States Court of Appeals for the Ninth Circuit in Daugharty v. Gladden, supra.

Dated September 10, 1958.

/s/ William G. East

United States District Judge

3. The Court said:

"The Oregon Supreme Court has held that the Griffin rule applies regardless of such a distinction in the nature of the proceedings. In Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 990, 309 P.2d 192, it was held, applying the rule in Griffin, that a statute which requires an applicant for a writ of habeas corpus to file an undertaking on appeal, in order to obtain an appellate review, is unconstitutional as applied to an indigent person, thus requiring waiver of the state. [n. omitted] The principle thus announced, there applied with reference to the supplying of an appeal bond, would seem to have equal application with regard to the furnishing of a required transcript.

"We agree with this view where, as in this case, inability to furnish a required bond or transcript is all that stands in the way of an otherwise appropriate and properly perfected appeal. The indigency

750, supra. The Court did not, nor indeed can it, order the State of Oregon to provide the hearing, but if the hearing were not forthcoming, certain consequences would necessarily flow.[4]

The State of Oregon provided a hearing by the action of the Supreme Court of Oregon in recalling its mandate and reinstating the appeal after more than two years. Daugharty v. Gladden, Or., 341 P.2d 1069, supra. The petitioner contends that the Supreme Court of Oregon had no such power, and, hence, did not have the jurisdiction to take such action; therefore, he would be released per order of this Court.

■ Granted, the hearing had before the Oregon Supreme Court satisfied the Constitutional requirements as to form and manner, it is elementary that if the Court had no jurisdiction to hear the appeal at this time, the determination is of no effect because it is void. Manning v. Ketcham, 6 Cir., 58 F.2d 948; Coleman Bros. Corp. v. City of Franklin, D.C., 58 F.Supp. 551, affirmed in part and reversed in part, 1 Cir., 152 F.2d 527, certiorari denied 328 U.S. 844, 66 S.Ct. 1026, 90 L.Ed. 1618; State ex rel. Hall v. Hall, 153 Or. 127, 55 P.2d 1102; In re Stroman's Estate, 178 Or. 100, 165 P.2d 576; Garner v. Garner, 182 Or. 549, 189 P.2d 397. Further, the petitioner could not bestow the necessary jurisdiction upon the Oregon Supreme Court merely by his appearance if that Court had no jurisdiction. Stretch v. Murphy, 166 Or. 439,

112 P.2d 1018; Robertson v. Henderson, 181 Or. 200, 179 P.2d 742; Garner v. Garner, supra; In re Guardianship of Fox, 212 Or. 80, 318 P.2d 933. Therefore, it is incumbent upon this Court to determine whether the Oregon Supreme Court did have jurisdiction to provide the remedy which the United States Constitution's Fourteenth Amendment required.

### Two

The considerations of the power of a court to withdraw its mandate after the term of court and reinstate the cause must be found either in the State Constitution provided for by the Legislature, or within the inherent power of the court.

After reading the Oregon Constitution and the statutes, there is no provision for such action on the State Supreme Court's part. Ore.Const. (amended) Art. VII, § 2; Or.Rev.Stat. 19.030.

■ The general rule is that the appellate courts have the inherent power to amend, modify or vacate their judgments, either before or after the term expires in which such judgment is rendered, when the judgment is erroneous, void, or gained by fraud.

The Oregon Court has followed this rule from its earliest cases. In Krause v. Oregon Steel Co., 50 Or. 88, 91, 91 P. 442, 92 P. 810, 811, the Court said:

"2. The supreme court, equally with other courts, is subject to the rule that a court loses jurisdiction of a cause in which *final decree* has

---

of an appellant * * * ought not to deprive him of a right to appeal which the state purports to accord to all of its citizens. [n. omitted]

"It is therefore our opinion that the dismissal of Daugherty's appeal to the supreme court of Oregon, under the indicated circumstances, deprived him of the equal protection of the laws, as guaranteed by the Fourteenth Amendment."

4. See Daugharty v. Gladden, 9 Cir., 257 F. 2d 750. In Dowd v. U. S. ex rel. Cook, 340 U.S. 206, 71 S.Ct. 262, 264, 95 L. Ed. 215, the court said:
   "There remains the question of the disposition to be made of this case. Fortunately, we are not confronted with the dilemma envisaged by the State of having

to choose between ordering an absolute discharge of the prisoner and denying him all relief. The District Court has power in a habeas corpus proceeding to 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243, 28 U.S.C.A. § 2243. The Fourteenth Amendment precludes Indiana from keeping respondent imprisoned if it persists in depriving him of the type of appeal generally afforded those convicted of crime. On the other hand, justice does not require Indiana to discharge respondent if such an appeal is granted and reveals a trial record free from error. Now that this Court has determined the federal constitutional question, Indiana may find it possible to provide the appellate review to which respondent is entitled."

been rendered, by lapse of the term. It has power after the term to recall the mandate to correct a misprision of the clerk, settle the cost-bill, or to determine any other matter relating to its enforcement, but not to qualify or modify that which the court has once finally determined. * * " [emphasis added]

This rule (5B C.J.S. Appeal & Error § 1957), or one so similar as not to be distinguishable therefrom, is followed in the majority of the states. To phrase this rule in other words, the appellate court loses jurisdiction of a matter after there has been a determination and the term of court has passed, unless there has been a mistake, or the judgment is a nullity and void. See also, Rowland v. Kreyenhagen, 24 Cal. 52; Vance v. Pera, 36 Cal. 328; and dicta in Livesley v. Johnston, 47 Or. 193, 196, 82 P. 854.

In a very early case, the Oregon Court stated:

"The rule of law which prohibits courts from revising, changing, or reversing their own decisions, after the term at which they are rendered has expired, has no application to a case like the present. It applies only where the court has jurisdiction and the cause is heard upon its merits." [emphasis added] Ladd & Tilton v. Mason, 10 Or. 308, 311–312.

And further, in a later case:

"A judgment or decree that is absolutely void is a mere nullity and may be vacated by the court at any time, whether before or after the expiration of the term during which it was rendered. [numerous citations]" Lothstein v. Fitzpatrick, 171 Or. 648, 658, 138 P.2d 919, 923.

These cases temper the rule that seems to, or might be thought to exist from a reading of State ex rel. Blumauer v. Lawrence, 148 Or. 383, 386–387, 36 P.2d 784, 785, where the Court states:

" * * * [T]he jurisdiction of an appellate court over a given cause terminates whenever, regularly, without inadvertence or fraud, it returns the record to the court of general jurisdiction."

From the review in the above cases, it appears that from the earliest date the question was presented to the State Court, it has taken jurisdiction through the inherent power of an appellate court to rectify an erroneous determination, and no case has been found wherein the court holds that it absolutely has no such power. Even the Florida case cited by petitioner is not an absolute, but is tempered by qualifications in case of error, fraud or mistake. McGregor v. Hammock, 114 Fla. 259, 154 So. 191.

The dismissal of the petitioner's appeal in the State Court was not because of the merits of the case, but was based on a type of statute which has been held to have denied equal protection of the laws to indigents in Griffin v. People of State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, and, in principle, by the Oregon Court in Barber v. Gladden, 210 Or. 46, 298 P.2d 986, 309 P.2d 192, and this statutory requirement of a transcript was held unconstitutional to this particular situation by the Ninth Circuit in Daugharty v. Gladden, 257 F.2d 750, supra.

Since the above determination was not on the merits of the case and the dismissal by the Oregon Court was grounded on an unconstitutional statute, hence clearly erroneous under the principle announced in Barber v. Gladden, supra, it was clearly within the inherent power of the Oregon Court to recall its erroneous and unconstitutional mandate and to reinstate the original appeal in order to rectify the error made in the first instance, even though the term of Court within which the unconstitutional mandate was given had passed. See Ladd & Tilton v. Mason, supra; Lothstein v. Fitzpatrick, supra.

In view of the foregoing discussion, the State Court has, with the aid of counsel appointed by the Court, provided a complete and adequate hearing on the merits of petitioner's appeal.

It is the conclusion of this Court that the State of Oregon has complied with the order of this Court, and, therefore, the petition on behalf of petitioner should be denied.