Clifford DAUGHARTY, Petitioner,

v.

C. T. GLADDEN, Warden, Oregon State Penitentiary, Respondent.

Civ. No. 504–59.

United States District Court
D. Oregon.

March 4, 1960.

No appearance for petitioner or respondent.

KILKENNY, District Judge.

This cause is before the Court on petitioner's motion for leave to proceed in forma pauperis and on his petition for the issuance of a certificate of probable cause on his appeal from the order of this Court dated the 3rd day of February, 1960. I cannot determine whether this appeal is taken in good faith or whether it is plainly frivolous without first making a complete examination of the many journeys of the petitioner to the various courts of this nation.

Petitioner was convicted by a jury in the Circuit Court of the State of Oregon for the crime of uttering a forged check and on November 20, 1951, was sentenced to a term of 15 years in the Oregon State Penitentiary. As shown by the judgment, the sentence was made after the Court had fully questioned the defendant in connection with his past life, education, employment and the defendant's record as shown by the Federal Bureau of Investigation. On December 9, 1954, petitioner filed a petition for writ of habeas corpus in the Circuit Court for Marion County, Oregon. This petition was denied by order dated July 11, 1956. On July 24, 1956, petitioner appealed from such order to the Supreme Court of the State of Oregon. Petitioner moved the Supreme Court of Oregon for an order requiring the delivery to him of the transcript of record on such appeal. This motion was denied by the Supreme Court on October 3, 1956. On November 25, 1956, petitioner filed a petition for a writ of certiorari in the United States Supreme Court. On December 28, 1956, the Oregon Supreme Court dismissed his appeal. On February 25, 1957, the United States Supreme Court denied the petition there pending. Daugharty v. Gladden, 352 U.S. 1009, 77 S.Ct. 574, 1 L.Ed.2d 554.

Petitioner then commenced a proceeding for a writ of habeas corpus in this Court, the petition being filed on March 27, 1957. This petition was denied on April 22, 1957, D.C., 150 F.Supp. 887, and petitioner then appealed to the Court of Appeals. The Court of Appeals remanded the case to this Court with instructions to enter such orders as might be appropriate to allow Oregon a reason-

able time within which to take further proceedings not inconsistent with the opinion. Daugharty v. Gladden, 9 Cir., 257 F.2d 750, 760.

On September 10, 1958, Judge William G. East of this Court entered an order carrying out the instructions of the Court of Appeals, which order allowed the State of Oregon until January 5, 1959, to commence proceedings in the Supreme Court of that State to allow petitioner a full and complete hearing upon his appeal from the order denying his petition for a writ of habeas corpus in the Circuit Court of the State of Oregon for Marion County. During this period, the Supreme Court of the State of Oregon recalled its original mandate of dismissal and reinstated the petitioner's appeal. The case was heard on its merits before the Supreme Court of that State and the Court denied the petition. Daugharty v. Gladden, Or., 341 P.2d 1069. On October 9, 1959, Judge East held a special hearing on the petitioner's original petition for writ of habeas corpus and on his pending motion for "execution of judgment." On November 17, 1959, he handed down a very well-reasoned opinion denying the petition for writ of habeas corpus.[1] A formal order denying this petition was signed by Judge East on November 17, 1959. In the meantime, petitioner had filed another petition for a writ of certiorari with the United States Supreme Court, that petition being denied on October 19, 1959. Daugharty v. Gladden, 361 U.S. 867, 80 S.Ct. 128, 4 L.Ed.2d 106.

Petitioner then filed a petition for a certificate of probable cause and to proceed in forma pauperis on his appeal to the Court of Appeals. On November 30, 1959, Judge East signed an order permitting petitioner to proceed on such appeal in forma pauperis and directing that a certificate of probable cause be issued. On December 14, 1959, petitioner directed a letter to Judge East in which he said, "I respectfully request at this time that said appeal be by the court, 'dismissed.'" On December 15, 1959, Judge East dismissed such appeal.[2] No doubt, petitioner at that time had already decided to embark on a new expedition around, through and over the Courts.

The previous litigation which was before the Circuit Court of the State of Oregon, the Oregon Supreme Court, the United States Supreme Court, the Court of Appeals and this Court for a period of approximately five years was then promptly forgotten by the petitioner. In any event, on December 22, 1959, some seven days after he secured a dismissal of his appeal in the previous litigation, petitioner filed in this Court a new petition for writ of habeas corpus, together with a new motion to proceed in forma pauperis. In the meantime, it seems that petitioner was not entirely satisfied with his explorations into the judiciary of the nation and had commenced a separate and distinct voyage through the Court of Appeals for the Ninth Circuit by filing a petition for a writ of mandamus. It now appears that this petition was filed in said Court on the 30th day of November, 1959, and was dismissed at petitioner's request on December 9, 1959. Since this Court had no previous record of this proceeding, the order was mistaken as an order dismissing the appeal in Civil No. 9080, 179 F.Supp. 151, which was later dismissed by Judge East.

After a thorough study and consideration of all of these proceedings, I arrived at the conclusion that the questions raised in the pending petition were questions which were raised, or should have been raised, in the original habeas corpus proceedings in the Oregon Court, or in this Court. Through inadvertence, the Clerk did not notify petitioner of the entry of this order. Communications from petitioner were treated as motions to set aside the order on the ground that he had not been notified of its entry. On February 2, 1960, another order was

1. Daugharty v. Gladden, D.C., 179 F.Supp. 151.

2. Photocopy of Order attached.

entered denying the said petition. It is from this order that petitioner is attempting to prosecute this appeal. If petitioner may dismiss an appeal in one proceeding and commence another on issues which were previously raised, or should have been raised, there can be no final judgment, nor can there be an end to this type of litigation. I will not prostitute my professional background nor the judiciary by certifying as a fact that which I know to be otherwise. Petitioner had an opportunity to present his questions to the Court of Appeals. In place of so doing, he dismissed that appeal and commenced his litigation anew. I certify that the appeal is not taken in good faith and that such attempted appeal is plainly frivolous. The legal gymnastics being used by petitioner should not, and cannot, be tolerated. Title 28 U.S.C.A. § 1915; Ellis v. United States, 356 U.S. 674, 675, 78 S.Ct. 974, 2 L.Ed.2d 1060; Johnson v. United States, 352 U.S. 565, 77 S.Ct. 550, 1 L.Ed.2d 593; Tweedy v. United States, 9 Cir., 1960, 276 F.2d 649; Chessman v. Dickson, 9 Cir., 1960, 275 F.2d 604.

Petitioner has not requested the services of an attorney. On the other hand, he filed a special request with his petition, "to plead and manage his own case before the United States District Court for the District of Oregon."

The petition for the issuance of a certificate of probable cause and the motion to proceed in forma pauperis are denied.

It is so ordered.

### Order of Dismissal of Appeal

It appearing that the Petitioner above-named had been heretofore granted leave and right to appeal in forma pauperis from the final order of this Court entered in the above-entitled matter; and

It now appearing from the letter of said Petitioner, dated December 14, 1959, that the Petitioner now moves to dismiss said appeal;

It Is Therefore Hereby Considered, Adjudged and Ordered that Petitioner's appeal in forma pauperis aforesaid, and the order of this Court entered on November 30, 1959, be and the same are hereby dismissed on the motion of Petitioner.