Submitted on record and briefs August 11,
affirmed August 25, 1975

IN THE MATTER OF CHAPMAN, WAYNE, BARRY
AND VALERIE, MINOR CHILDREN

STATE EX REL JUVENILE DEPARTMENT OF
MULTNOMAH COUNTY, *Respondent, v.*
CHAPMAN ET UX (No. 37,783), *Appellants.*

538 P2d 1276

Richard G. Helzer, Portland, for appellants.

Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

PER CURIAM.

Parental rights to their three children having been terminated, appellants contend only that the trial court erred in allowing the mother to be called as a state's witness. This issue was not raised in the lower court.

"* * * [I]t is only in rare cases that this court will notice an alleged erroneous ruling of the trial court to which no exception was taken or objection made by the appellant. From a very early date the rule has been that it is not error only, but error legally excepted to, which affords ground for reversal. The rule applies in criminal as well as civil cases. *State v. Cory,* 204 Or 235, 282 P2d 1054; *State v. Nodine,* 198 Or 679, 686, 259 P2d 1056. It is sometimes less strictly enforced in criminal, and especially in capital, cases, but even then it will not be relaxed unless the court, upon an ex-

amination of the entire record, can say that the error is manifest and that the ends of justice will not otherwise be satisfied." *State v. Avent,* 209 Or 181, 183, 302 P2d 549 (1956).

This is not such a case.

Affirmed.