**Edgar E. SIMPSON, Petitioner,**

v.

**Donald W. WYRICK, Respondent.**

No. 81–0189–CV–W–1.

United States District Court,
W. D. Missouri, W. D.

Dec. 17, 1981.

Ray Conrad, Federal Public Defender, W.D. Mo., Kansas City, Mo., for petitioner.

John Ashcroft, Atty. Gen., State of Mo., Jay D. Haden, Asst. Atty. Gen., Jefferson City, Mo., for respondent.

### MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This case pends on petitioner's *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. On April 7, 1981 the Court granted petitioner leave to proceed *in forma pauperis* and directed respondent to show cause why the relief petitioner seeks should not be granted.

Upon receipt of respondent's suggestions in response to the Court's Order to Show Cause, the Court on May 8, 1981 ordered that Raymond C. Conrad, Federal Public Defender, and Ronald L. Hall, Esq. and Albert N. Moskowitz, Esq., Assistant Public Defenders, be appointed to represent petitioner in this action.

In response to the Court's Order to Show Cause, respondent conceded that petitioner had exhausted his remedies as to his points III and IV in this Court, but contended that petitioner's points I and II remained unexhausted. Accordingly, in the Court's Order of May 8, 1981, petitioner was directed, in the event respondent declined to waive the issue of exhaustion in order to avoid needless litigation, to brief the exhaustion issue as to his points I and II. Upon receipt of petitioner's brief, respondent having declined to waive the exhaustion issue, the Court ruled on September 10, 1981, that petitioner had exhausted his available state remedies as to point I and determined to exercise its discretion to reach the merits of petitioner's point II. Accordingly, the parties were directed to furnish additional

**1146**

briefs on the merits of petitioner's points I–IV in this Court as necessary under the circumstances.

Petitioner's four points in this Court are as follows:. (1) whether petitioner's was denied·due process of law in that his conviction was based on insufficient evidence; (2) whether the trial court subjected petitioner to an *ex post facto* law in applying to him a statute delimiting the number of peremptory challenges which was in effect at the time of trial but not the crime; (3) whether petitioner was placed in double jeopardy or prejudiced by the trial court's enhancement of the jury's assessment of punishment under the "persistent offender" statute when the jury was not instructed as to the court's power to modify the sentence; and (4) whether the trial court deprived petitioner of his Sixth and Fourteenth Amendment rights in denying his motion to excuse venirewoman Tracy for cause. The parties have stipulated that an evidentiary hearing on the merits of petitioner's claims is not required under the circumstances of this case.

We shall proceed seriatim with the issues presented.

■ The standard for habeas corpus review of the sufficiency of the evidence to support a conviction is whether "the record shows that no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Davis v. Campbell*, 608 F.2d 317, 319 (8th Cir. 1979) (citation and footnote omitted). The record in this case strongly supports the jury verdict. The evidence is accurately summarized in *State v. Simpson*, 610 S.W.2d 75, 76 (Mo.App.1980) and no need appears for its recapitulation here. The State court reliably found the facts.

■ Petitioner's second contention misconceives the constitutional prohibition against *ex post facto* laws, which applies only to changes in substantive and not procedural law. *James v. Twomey*, 466 F.2d 718, 721 (7th Cir. 1972). Changes in substantive law are those which increase punishment or change the ingredients or ultimate facts necessary to establish guilt of a charge. *Weaver v. Graham*, 450 U.S. 24, 29 n.12, 101 S.Ct. 960, 964 n.12, 67 L.Ed.2d 17 (1980). Petitioner complains that over his objection, the trial court called a panel of twenty-four jurors and granted defendant just six peremptory challenges under § 546.-180 R.S.Mo. (1979), which was in effect at the time of trial, rather than the eight to which he would have been entitled under the statute in effect at the time of the crime. It is clear that for the purposes of the *ex post facto* prohibition this statutory modification is procedural only and involves no change in substantive law. Although a trial court may not improperly deny a defendant the right he has by statute to peremptory challenges as part of a trial by jury, the particulars as to procedure or the number of .challenges available to a party may be altered by statute without changing the substantive elements of any particular offense or thereby affecting any constitutional right. *Swain v. Alabama*, 380 U.S. 202, 219, 85 S.Ct. 824, 835, 13 L.Ed.2d 759 (1965); *Stilson v. United States*, 250 U.S. 583, 586, 40 S.Ct. 28, 29, 63 L.Ed. 1154 (1919); *United States v. Turner*, 558 F.2d 535, 538 (9th Cir. 1977); *Wilwording v. Swenson*, 331 F.Supp. 1188, 1193 (W.D.Mo. 1969), *rev'd on other grounds* 439 F.2d 1331 (8th Cir. 1971).

Petitioner's third point relates to the trial court's having enhanced the sentence imposed by the jury pursuant to § 558.016(2), R.S.Mo. (1979), otherwise known as the "persistent offender" statute. Petitioner's point III in this Court was raised in somewhat different form in the Missouri Court of Appeals, Southern District.[1] Because of

---

1. Appellant's point II in the Missouri Court of Appeals (point III in this Court) was stated in his brief in that court as follows:

II. The trial court erred in submitting to the jury instruction No. 5, and in refusing appellant's proffered instruction No. 4, be-
cause the instruction so submitted misled the jury and misstated the law in that it indicated that punishment was to be assessed by the jury when in fact the court was not bound by the jury's assessment of punishment pursuant to § 558.016, R.S.Mo. 1978.

the apparent ambiguity of petitioner's *pro se* complaint, it did not become clear that petitioner was contending he had been subjected to double jeopardy until, with the aid of counsel appointed by this Court, petitioner filed his brief in response to the Court's Order of September 10, 1981.[2]

The issue presented to the Missouri Court of Appeals was not double jeopardy but rather whether the trial court committed prejudicial error in not giving defendant's proposed instruction A, which would have drawn the jury's attention to the trial court's discretion under the persistent offender statute, to modify the sentence assessed by the jury. Nevertheless, petitioner's brief respecting point III in this Court states that "no additional argument is re-

quested with respect to this point" and directs the Court to the arguments made in appellant's brief to the Missouri Court of Appeals, Southern Division, and the supplemental *pro se* brief which appellant proffered to that same court. The *pro se* brief did explicitly raise the double jeopardy question;[3] however, appellant's motion to supplement his brief on appeal was denied on August 7, 1980, apparently for the reason that it was untimely filed.

■ Consequently, the Missouri Court of Appeals did not rule on the double jeopardy question.[4] We will dispose of the question on the merits to avoid additional litigation. *Collins v. Housewright*, 664 F.2d 181 (8th Cir. 1981).

Point III of petitioner's *pro se* complaint in this Court states as the issue:

Whether, the respondent can constitutionally be allowed to restrain this petitioner of his liberties, within the county of Cole, under the commiment [sic] from the circuit court of Green County, when such was obtained in violation of petitioner's rights, in that the court instructed the jury to fix the punishment and after they fixed the punishment at two and half (2½) years, the court thereafter fixed an addidision [sic] of seven and a half (7½) years to the sentence which was fixed by the jury for [a combined] term of ten (10) years.

Petitioner's point III in this Court may be ambiguous as to whether it raises the issue of double jeopardy.

2. In that brief, petitioner phrased the issue as whether:

The Missouri State trial court denied petitioner his constitutional right to be free from double jeopardy.

3. Point III of appellant's proffered supplemental *pro se* brief stated:

The trial court erred in imposing sentence of seven and half (7½) years after jury had been instructed to fix punishment, had returned fixing sentence at two and half (2½) years, and the seven and half (7½) year sentence imposed by the court in addition to jury sentence for prior conviction placed defendant in double jeopardy.

4. The Missouri Court of Appeals, Southern District, stated appellant's point II (point III in this Court) as follows:

The defendant's next point is that the trial court erred in giving Instruction No. 5 and in refusing defendant's proffered Instruction No. A. Instruction No. 5 is MAI–CR2d 2.12,

modified by MAI–CR2d 23.52, submitting the offense of burglary in the second degree. It concludes with paragraphs directing the jury, if the defendant is found guilty, to assess and declare his punishment and giving the range of permissible punishments. The trial court also gave MAI–CR2d 2.60 which advised the range of the sentence the court might impose and included the following: "1. Imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict . . . ." Defendant's proffered Instruction No. A was similar to Instruction No. 5, except it added a final paragraph stating, "[u]nder some circumstances the punishment you will assess is merely advisory, and the court may assess punishment." Before the adoption of The Criminal Code, the defendant's point would be applicable to second offenders only in the limited situations set forth in MAI–CR (First) 2.04, Notes on Use 3. Under the Criminal Code, the point could be applicable to all cases in which the defendant is a persistent offender or a dangerous offender. § 557.036, R.S.Mo. 1979, V.A.M.S. This is true even though a determination of whether or not the defendant is a persistent or dangerous offender is not made until after the verdict of the jury. [610 S.W.2d at 77.]

That court affirmed the trial court because it could not find that the defendant was prejudiced by the trial court's rejection of his proposed instruction; "the defendant's point is based upon 'jury nullification' which has not been accepted in Missouri;" and "it is not constitutionally mandatory that the defendant's punishment be assessed by the jury. *Payne v. Nash*, 327 F.2d 197 (8th Cir. 1964)." [610 S.W.2d at 77–78.]

■ The constitutionality of imposing an enhanced sentence for repetitious conduct is no longer seriously questioned. *Graham v. West Virginia,* 224 U.S. 616, 32 S.Ct. 583, 56 L.Ed. 917 (1912). Habitual offender statutes have been held not to subject an offender to double jeopardy, 224 U.S. at 631; *McDonald v. Massachusetts,* 180 U.S. 311, 313, 21 S.Ct. 389, 390, 45 L.Ed. 542 (1901); *Moore v. Missouri,* 159 U.S. 673, 677, 16 S.Ct. 179, 181, 40 L.Ed. 301 (1895), for the reason that no distinct offense is charged. 224 U.S. at 624, 32 S.Ct. at 585.[5]

■ Petitioner was not constitutionally entitled to have punishment assessed by the jury rather than the court. *Payne v. Nash,* 327 F.2d 197 (8th Cir. 1964). We hold that under the circumstances of this case petitioner was not deprived of any federal constitutional right as a result of the sentencing procedure utilized by the trial court or its denial of his proffered instruction A.

During voir dire the following colloquy, which forms the basis of petitioner's point IV, took place between counsel for defendant and venirewoman Tracy:

> MR. CONKLIN: All right. Unanimous verdict means that all the jury members who are selected here must find that a person is innocent or guilty in this case, all twelve. Now, the problem with that is what if someone disagrees, what happens then? Well, sometimes a person discusses it with other jurors and is convinced that maybe he was wrong, but if you believe that this person is guilty or innocent, is there anyone here who cannot tell the others, the other members of the jury, that they disagree with the rest of them? Is there anyone here who couldn't do that? Mrs. Tracy?
>
> JUROR TRACY: If I were the only one disagreeing—
>
> MR. CONKLIN: Would you—
>
> JUROR TRACY: I'm not sure.
>
> MR. CONKLIN: You understand there is the safeguard of a unanimous verdict and that would fail if you didn't do what you felt was right. You don't think you could follow the Court's instruction?
>
> JUROR TRACY: I would try to.

In response to petitioner's motion to strike for cause, the trial court concluded:

> She impresses me favorably as a person and potential juror. The request for [sic] strike for cause, if it is now made, is overruled.

■ The general rule is that "the qualifications of a juror within the statutory limits rest within the sound discretion of the trial court, and its ruling should not be interfered with except on a clear showing of abuse." *United States v. Freeman,* 514 F.2d 171, 174 (8th Cir. 1975) [citations omitted]. We find no abuse of discretion in the decision of the trial court and no violation of any constitutional right.

Accordingly, it is

ORDERED that petitioner's motion for habeas corpus relief under 28 U.S.C. § 2254 should be and hereby is denied.

---

**5.** We note the important distinction between attacking the persistent offender statute on the ground that it improperly delegates sentencing authority to the executive branch, *see Pierce v. Parratt,* 666 F.2d 1205 (8th Cir. 1981) (Heaney, J. and Oliver, J. concurring); *Brown v. Parratt,* 560 F.2d 303 (8th Cir. 1977) (Heaney, J. concurring); *State v. Cory,* 204 Or. 235, 282 P.2d 1054 (1955); *Note, The Separation of Powers Doctrine: A Viable Challenge to the Nebraska Habitual Criminal Statute?* 11 *Creighton Law Review,* 925 (1979), and attacking it on double jeopardy grounds. Under the Nebraska statute the judge must impose a particular habitual offender sentence in light of previous convictions if, but may do so only if, the prosecutor properly requests that of the court. The Nebraska statute thereby completely divests the trial judge of discretion in the matter of enhanced sentencing for prior convictions. This is in marked contrast to the Missouri statute, § 558.016 R.S.Mo. (1979), which reserves a discretion in the sentencing judge whether or not to impose an additional sentence in light of previous convictions.