Argued October 9, affirmed November 15, 1961

# STATE OF OREGON *v.* GORDINEER
### 366 P. 2d 161

*A. J. Morris,* Eugene, argued the cause and submitted a brief for appellant.

*Robert J. McCrea,* Deputy District Attorney, Eugene, argued the cause for respondent. With him on the brief was William F. Frye, District Attorney.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PERRY, J.

The defendant was indicted for the crime of contributing to the delinquency of a minor. The jury returned a verdict of guilty and defendant appeals.

The indictment charges two acts by the defendant as acts tending to cause any minor to become a delinquent child. In this appeal we are concerned with only one of the acts charged, and that is that the defendant "did then and there wilfully give alcoholic liquor to said child."

The court instructed the jury in pertinent part as follows:

"Whether or not Janice Marlene Collins is a child under the age of eighteen years, and whether or not the defendant committed any of the acts charged in the indictment, and whether or not any of the acts charged in the indictment were committed in Lane County, Oregon, and whether or not such acts, if committed, manifestly tended to cause Janice Marlene Collins to become a delinquent child, are all questions of fact for you to determine from all of the evidence before you, applying the principles of law with which I am now instructing you.

"There is a statute in the State of Oregon which provides: 'Any person who by threats, commands, or persuasion endeavors to induce any child to do or perform any act, or follow any course of conduct, which shall cause such child to become a delinquent child, or that any person who shall do any act which manifestly tends to cause any child to become a delinquent child, shall be guilty of a crime.'

"Pursuant to another statute in the State of Oregon, you may find that a child has become a delinquent child if the child has committed an act which is a violation, or which if done by an adult, would constitute a violation of a law or ordinance of the United States, or State, or County, or City; and likewise, you may find that a child is a delinquent child if that child's behavior is such as to endanger his own welfare or the welfare of others."

To this instruction the defendant excepted as follows:

"The instruction to the effect if the jury were to find that the defendant did then and there wilfully give alcoholic liquor to said child and he not being a parent, or her guardian, he would be guilty of the crime alleged, that of contributing to the delinquency of a minor, I would like to keep the rec-

ord straight in that I have indicated before in the demurrer and in a motion, while it would constitute a crime, it would not be contributing to the delinquency. It would be a misdemeanor."

The statutes to which the court had reference are as follows:

ORS 167.210 "When a child is a delinquent child as defined by any statute of this state, any person responsible for, or by any act encouraging, causing or contributing to the delinquency of such child, or any person who by threats, command or persuasion, endeavors to induce any child to perform any act or follow any course of conduct which would cause it to become a delinquent child, or any person who does any act which manifestly tends to cause any child to become a delinquent child, shall be punished upon conviction by a fine of not more than $1,000, or by imprisonment in the county jail for a period not exceeding one year, or both, or by imprisonment in the penitentiary for a period not exceeding five years."

ORS 419.101 "As used in ORS 419.102 to 419.140, unless the context requires otherwise:

"* * * * *

"(2) 'Child delinquency,' 'delinquent child,' 'child dependency' and 'dependent child' mean a person under 18 years of age whose conduct or condition is such as to fall within the provisions of paragraphs (a) to (e) of subsection (1) of ORS 419.476."

ORS 419.476 "(1) The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"(a) Who has committed an act which is a violation, or which if done by an adult would constitute a violation, or a law or ordinance of the United States or a state, county or city; or

"* * * * *

"(c) Whose behavior or condition is such as to endanger his own welfare or the welfare of others; or

"* * * * *"

The defendant's contention is that since ORS 471.430 provides:

"* * * No person under the age of 21 years shall purchase, acquire or have in his or her possession alcoholic liquor in a manner other than provided for in the Liquor Control Act."

then the act alone of the giving of alcoholic liquor to a minor establishes the crime of contributing to the delinquency of a minor, because when the minor accepts the liquor he is committing an illegal act.

Defendant further contends that since ORS 471.410 provides:

"* * * No person other than a parent, guardian, or other responsible relative, shall give any alcoholic liquor to any person under the age of 21 years. * * *"

and since the punishment for violation of that statute is misdemeanor, that there are two separate statutes which define the same crime, one making it a felony and the other a misdemeanor. He points out that the district attorney is thereby granted the power, at his election, to charge one person with an offense under the one statute and another with an offense under the other statute though the identical act is committed by each of the persons charged. This being so, says the defendant, his constitutional right of equal protection of the laws under both the Federal and State Constitutions is violated. *State v. Pirkey,* 203 Or 697, 281 P2d 698; *State v. Cory,* 204 Or 235, 282 P2d 1054.

The first portion of ORS 167.210 condemns those

who by threats, commands or persuasion seek to have the child become a delinquent; the latter portion condemns the doing of any *acts* which will manifestly tend to cause a child to become a delinquent.

Under the indictment as laid, the defendant is charged with a violation condemned by the latter portion of the statute.

Violation of ORS 471.410 may be accomplished in two ways: by the giving of alcoholic liquor for immediate consumption by the minor such as a single or several drinks from the alcoholic liquor in the possession of another; or by the giving of a quantity of liquor to the minor with intent that the possession of the liquor pass to the minor.

We are not furnished with a transcript of the evidence so as to be advised of the particular occurrence in the matter before us. But in so far as the constitutional question raised by the defendant is concerned, the facts of the case are immaterial.

Assuming that the act of giving the intoxicating liquor consisted of the offering by the defendant of single drinks and the acceptance of those drinks by the minor child from liquor in the possession of the defendant, the minor child has in no wise violated the provisions of ORS 471.430.

■ The offering of alcoholic drink for immediate consumption does not place the person accepting the drink in illegal possession of alcoholic liquor. *State v. Williams*, 117 Or 238, 243 P 563; *State v. Fouts*, 129 Or 115, 276 P 683. Thus, in order to prove the crime of contributing to the delinquency of a minor, where the act of defendant consisted merely of plying the minor with alcoholic drinks from liquor in his possession, it is necessary for the state to establish to the satisfaction of the jury under all the circumstances of the

case that this act would tend to cause this child to become delinquent. *State v. Stone,* 111 Or 227, 226 P 430.

If, on the other hand, for purposes of testing the equal protection claim of the defendant, we assume that he gave a bottle of intoxicating liquor to the minor with intent to relinquish all right of possession and control over it, then in order to establish the essential fact that the minor has violated the law, it is necessary to prove "possession" by the minor.

Intoxicating liquor is no longer ipso facto contraband, as was the case during the days of the Volstead Act.

■ "Possession", as used in ORS 471.430, is preceded by the words "purchase, acquire". These words indicate a legislative intent that the minor must know that he is in the physical possession of intoxicating liquor. *State v. Cox,* 91 Or 518, 179 P 575. Nor can we attribute to the legislature the intent to make a criminal of a minor child who, though knowing there is intoxicating liquor in a package, carries the liquor from an automobile into the home of a neighbor at the neighbor's request.

In our opinion "possession", as used in this statute, includes in addition to guilty knowledge the intent of the minor to possess full control over the liquor with the right to enjoy its consumption to the exclusion of others.

■ Therefore it becomes clear that the sole act of giving intoxicating liquor to a minor will not of itself violate ORS 167.210.

■■ In creating an offense, the legislature may define it by a particular description of the act or acts constituting it or may define it as any act which produces, or is reasonably calculated to produce, a certain de-

fined or described result. *Miles v. State,* 30 Okla Crim Rep 302, 236 P 57. In the case of giving intoxicating liquor to a person under the age of twenty-one, the act of giving, alone, regardless of its consequences, constitutes a crime under ORS 471.410. But when it appears that the act was accompanied by circumstances which show that it would tend to cause or did cause the minor to become a delinquent child, a different offense is made out. Here the act of defendant is punishable because it has that tendency, and this aspect of his conduct is not covered by any other statute.

Clearly then the case at bar is different from *State v. Pirkey,* supra. There the unconstitutional statute made illegal the doing of a certain act under a particular set of circumstances. It then permitted the offense to be treated as a misdemeanor or as a felony in the complete and unqualified discretion of the magistrate or grand jury. Here, however, it is a difference in the kind of circumstances under which an act is done that distinguishes the crimes and accounts for their classification.

The judgment is affirmed.