Argued May 4, affirmed June 10, 1964

## BLACK *v.* GLADDEN
393 P. 2d 190

*D. S. Denning, Jr.,* Vale, argued the cause and submitted briefs for appellant.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

632

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

O'CONNELL, J.

This is a post-conviction proceeding in which plaintiff seeks discharge from the Oregon State Penitentiary. Plaintiff was convicted of the crime of shoplifting, ORS 164.390, and was sentenced to the penitentiary for a term not to exceed six years. The value of the goods taken was approximately $2.30.

Plaintiff contends that he was denied the equal protection of the laws guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, § 20 of the Oregon Constitution. He relies upon *State v. Powell*, 212 Or 684, 321 P2d 333 (1958) which held that if there is no rational basis for distinguishing the acts committed by one person from the acts committed by another, the acts of one cannot be treated solely as a felony and the acts of the other solely as a misdemeanor.

Plaintiff argues that there is no rational distinction between the acts proscribed in ORS 164.310, the larceny statute, and the acts proscribed in ORS 164.390, the shoplifting statute, and that, therefore, if two persons do identical acts of taking, one may be charged by the grand jury or magistrate with a felony and the other with a misdemeanor without any guiding standard to guide them in making the distinction.

There is a reasonable basis for regarding theft committed in a store or other mercantile establishment as a separate social evil, distinct from theft committed under other circumstances. This is clearly

a matter for legislative discretion. The fact that a person may be charged with either ORS 164.310 or ORS 164.390 at the discretion of the district attorney, magistrate or grand jury does not give rise to a constitutional objection.

The judgment is affirmed.