Argued June 7, affirmed September 8, 1965

# ROSE *v.* GLADDEN

405 P. 2d 543

Stanley Dee Rose, in propria persona, Salem, filed briefs for appellant.

*Lawrence A. Aschenbrenner,* Public Defender, Salem, argued the cause and filed a brief as amicus curiae.

*Robert Y. Thornton,* Attorney General, and C. L. Marsters, Assistant Attorney General, Salem, filed a brief for respondent.

*George M. Joseph,* Deputy District Attorney, Portland, argued the cause for the Oregon District Attorneys' Association as amicus curiae. With him on the brief was George Van Hoomissen, District Attorney, Portland.

Before McALLISTER, Chief Justice, and PERRY, SLOAN, O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

GOODWIN, J.

This is a post-conviction proceeding. The prisoner is serving a sentence imposed following his plea of guilty to an information charging a violation of ORS 163.250.[1] He shot at a man with a rifle, but did not hit him. The sentencing court elected under the statute to sentence the prisoner to a term in the penitentiary, and entered a judgment accordingly.

In these proceedings, the prisoner urges that the statute under which he was convicted was rendered unconstitutional by the subsequent enactment of ORS 163.320 (pointing a firearm at another).[2] He also

---

[1] "Any person, who is armed with a dangerous weapon and assaults another with such weapon, shall be punished upon conviction by imprisonment in the penitentiary for not more than 10 years, or by imprisonment in the county jail not less than one month nor more than one year, or by a fine of not less than $100 nor more than $1,000."

[2] "Any person over the age of 12 years who, with or without malice, purposely points or aims any loaded or empty pistol,

contends that he pleaded guilty in the belief that he was being charged with a misdemeanor, and that the court therefore had no power to sentence him for a felony.

We will consider first the assertion that ORS 163.250 is unconstitutional. The assertion is based upon *State of Oregon v. Pirkey*, 203 Or 697, 281 P2d 698 (1955). The *Pirkey* case held that where a single statute denounces certain conduct in such terms that the grand jury may indict either for a felony or for a misdemeanor, without providing criteria or standards for the guidance of the grand jury, the statute is void as repugnant to the equal protection clause of the Fourteenth Amendment.

The *Pirkey* case was soon followed by a number of post-conviction cases challenging the constitutionality of other statutes. In *State v. Powell*, 212 Or 684, 321 P2d 333 (1958), we held that where two statutes were intended to remedy different evils associated with the sale and use of narcotics, both were constitutional, even though they overlapped in certain particulars. It was possible under the challenged statutes for the district attorney or the grand jury to find a rational basis for distinguishing the conduct of one person from that of another in deciding which statute should apply.

---

gun, revolver or other firearm, at or toward any other person within range of the firearm, except in self-defense, shall be fined upon conviction in any sum not less than $10 nor more than $500, or be imprisoned in the county jail not less than 10 days nor more than six months, or both. Justices of the peace and district courts have jurisdiction concurrent with the circuit court of the trial of violations of this section. When any person is charged before a justice of the peace with violation of this section, the court shall, upon motion of the district attorney, at any time before trial, act as a committing magistrate, and if probable cause be established, hold such person to the grand jury."

In *Black v. Gladden,* 237 Or 631, 393 P2d 190 (1964), we upheld the felony shoplifting statute against an assertion that it denounced the same crime as the misdemeanor petit larceny statute and was thus void under the *Pirkey* rule. We pointed out in the *Black* case that so long as the statute affords any reasonable basis for the grand jury to draw a distinction between acts that have certain characteristics in common, the fact that a defendant could have been charged with either of two crimes at the discretion of the grand jury or the district attorney would not give rise to a constitutional objection. The rule in the *Pirkey* case is limited in this state to the statutory situation in which there is no basis for a distinction between two offenses.

The question in the case at bar is whether there is any rational distinction between the acts denounced in ORS 163.250 and those denounced in ORS 163.320. We believe a reading of the two statutes side by side demonstrates that there is.

■ The Legislative Assembly in ORS 163.250 intended to punish an actual assault. The word assault is the key word in the felonious offense. The Assembly intended by ORS 163.320 to close a statutory opening through which persons who pointed firearms at others could escape liability for any crime if they could show that the act was intended to be an act of horseplay or mischief not amounting to an actual assault. If there were any doubt about the legislative intent, the doubt is resolved when one reads *State v. Godfrey,* 17 Or 300 (1889), and notes that ORS 163.320 was enacted so soon thereafter as to suggest that the Legislative Assembly intended to remedy the statutory oversight revealed by that case. We find nothing unconstitutional in the two statutes. The one de-

nounces the felonious assault, but permits the sentencing court, after conviction, to impose a misdemeanor punishment as a matter of judicial leniency. The other deals exclusively with a misdemeanor which consists in the pointing of a firearm under circumstances in which the state need not prove that the weapon was pointed with a specific intent to put the victim in fear. In many cases, the proof of intent available to the state may support only the misdemeanor.

To adopt the prisoner's view, we would have to hold that a statute defining a lesser included offense which is a misdemeanor automatically renders unconstitutional any other statute which makes the greater offense a felony. The assertion of the prisoner's proposition demonstrates its absurdity.

██ Finally, the prisoner contends that when he pleaded guilty to the information he was under the impression that he was being prosecuted for a misdemeanor. There is no evidence that any such impression was produced by the district attorney. Since the prisoner had the advice of counsel when he entered his plea of guilty, we are satisfied that there is no basis for challenging the plea of guilty in this case. The sentencing court was free to enter such judgment as the facts of the case appeared to warrant. *Smallman v. Gladden,* 206 Or 262, 291 P2d 749 (1956).

The trial court properly sustained the demurrer to the prisoner's petition.

Affirmed.