Argued April 4, reversed and remanded May 1, 1968

# STATE OF OREGON, *Appellant, v.*
# LEON CLARENCE PEARSON,
## *Respondent.*
### 440 P. 2d 229

*Jacob B. Tanzer,* Assistant Chief Deputy District Attorney, Portland, argued the cause for appellant. With him on the brief was George Van Hoomissen, District Attorney.

*Lester L. Rawls,* Portland, argued the cause for respondent. On the brief were Pullen & Rawls.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and LUSK, Justices.

LUSK, J.

The state has appealed from a judgment for the defendant on a demurrer to the indictment.

The charging part of the indictment reads:

"The said LEON CLARENCE PEARSON on or about the 5th day of June, A.D. 1967, in the County of Multnomah and State of Oregon, did unlawfully and feloniously receive and conceal certain stolen property, to-wit, a Seattle First National Bank credit card, the personal property of Walter J. Koehler, the said LEON CLARENCE PEARSON having good reason to believe that the said personal property had theretofore been stolen, contrary to the Statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

The indictment charges violation of ORS 165.045, which denounces the crime of receiving or concealing stolen property. Defendant asserts that to prosecute him for violation of this statute—punishable either as

a felony or a misdemeanor[①]—would deprive him of the equal protection of the laws, because he could be prosecuted for the same act under another statute which makes possession of a stolen credit card, under certain circumstances, a misdemeanor. That statute is ORS 165.295 (2) and reads in part:

"Any person who:

\* \* \* \* \*

"(2) Has in his possession or under his control or who receives from another person any \* \* \* stolen credit card with the intent to use, deliver, circulate or sell the same, or to permit or cause or procure the same to be used, delivered, circulated or sold, knowing the same to be \* \* \* stolen, \* \* \* shall be deemed guilty of a misdemeanor."

Alternatively, defendant contends that, as stated in the brief, "ORS 165.295 (2) in a sense preempts the field," that is, the legislature has taken stolen credit cards out of the receiving stolen property statute and made an offense involving stolen credit cards punishable only under the section just referred to.

In *State v. Pirkey,* 203 Or 697, 281 P2d 698, relied on by the defendant, we held unconstitutional a statute which lodged in a grand jury or magistrate unfettered discretion to proceed against one charged with violation of the statute either as for a felony or a misdemeanor. The statute, we said, contravened the equal protection clause of the Fourteenth Amendment because no criterion was established by which to deter-

---

[①] ORS 165.045:

"Any person who buys, receives, or conceals or attempts to conceal any stolen money or property, knowing or having good reason to believe that it was stolen, shall be punished upon conviction by imprisonment in the penitentiary for not more than five years, or by imprisonment in the county jail not less than three months nor more than one year, or by a fine of not less than $50 nor more than $500."

mine when an accused is to be charged with a felony and when with a misdemeanor. As between two persons in like situations committing the same act under the same circumstances one might be punished as a felon and the other as a misdemeanant. Since the decision in *Pirkey* numerous cases invoking its authority have been brought to this court, but in only one has the claim been sustained: *State of Oregon v. Cory,* 204 Or 235, 282 P2d 1054. That case involved a statute which left it to the unguided discretion of the district attorney to file or not to file habitual criminal proceedings against a convicted defendant in cases of crimes not involving violence or threat of violence to person. The decision is not in point here.

■ In all the other cases the claim of denial of equal protection was rejected because there was a rational basis for classification of the crimes involved. See, e.g., *Rose v. Gladden,* 241 Or 202, 405 P2d 543; *State v. Gordineer,* 229 Or 105, 366 P2d 161. As we said in the former case: "The rule in the *Pirkey* case is limited in this state to the statutory situation in which there is no basis for a distinction between two offenses." 241 Or at 205. The crime defined in ORS 165.295 (2) is not the mere possession of a stolen credit card knowing it was stolen, but it contains an additional element, to wit, the intent of the possessor "to use, deliver, circulate or sell the same." Thus, ORS 165.045 and ORS 165.295 (2) define "mutually exclusive crimes," *Broome v. Gladden,* 231 Or 502, 505, 373 P2d 611. Just as in *Black v. Gladden,* 237 Or 631, 393 P2d 190, we found a reasonable basis for regarding shoplifting "as a separate social evil, distinct from theft committed under other circumstances," so might the legislature treat the possession of a stolen credit card knowing it was stolen, without more, as having distinguishing char-

acteristics from possession of a stolen credit card with the intent to use it, etc.

■■ Upon the second point the rule, supported by authorities everywhere, is well stated in 82 CJS 839, Statutes § 369, as follows:

> "* * * Where there is one statute dealing with a subject in general and comprehensive terms, and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but, to the extent of any necessary repugnancy between them, the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute, * * *."

Our decisions are in accord: *Colby v. Larson,* 208 Or 121, 126, 297 P2d 1073, 299 P2d 1076; *State v. Preston,* 103 Or 631, 637, 206 P 304, 23 ALR 414; *Barnes v. Massachusetts Bonding Co.,* 89 Or 141, 143, 172 P 95. There is no necessary conflict between ORS 165.045 and ORS 165.295 (2). The two statutes can be harmonized. The credit card statute, as the title of the Act indicates, relates primarily to the "fraudulent use of credit cards," a subject not involved in the receiving stolen property statute, and, as already pointed out, ORS 165.295 (2) requires proof of intention, not required under ORS 165.045.

Since a violation of ORS 165.045 may be punished as a misdemeanor, no constitutional question of punishment disproportionate to the offense arises at this time.

We think the court erred in sustaining the demurrer to the indictment. The judgment is reversed and the cause remanded for further proceedings in conformity with this opinion.