Argued June 16, affirmed July 9, petition for rehearing
denied July 29, 1970

# STATE OF OREGON, *Respondent, v.*
# DIANE LEE DUMONT, *Appellant.*

471 P2d 847

*Dennis V. Gilbert*, Portland, argued the cause and filed the brief for appellant.

*Thomas H. Denney*, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

SCHWAB, C.J.

The defendant was convicted of the crime of knowingly uttering and publishing a forged evidence of debt. ORS 165.115. Violation of ORS 165.115 is a felony. The crime involved unlawful use of a credit card. ORS 165.295 (6). Violation of ORS 165.295 (6) is a misdemeanor if the property obtained by the proscribed act is (as was the case here) of a value not to exceed $75. This case was well briefed by both counsel and in this opinion we borrow in large part from their briefs.

Defendant seeks reversal on the ground that the trial court erred in denying her motion to dismiss the indictment. This assignment of error presents two questions:

1. Whether prosecution and conviction of the defendant for forgery rather than for the unlawful use of a credit card was contrary to rules of statutory construction.

2. Whether prosecution and conviction of the defendant for forgery rather than for unlawful use of a credit card was unconstitutional as depriving the defendant of her right to equal protection of the laws as prescribed in Art I, § 20, Oregon Constitution, and in the Fourteenth Amendment to the United States Constitution.

The defendant stipulated with the state that she presented a credit card to a Meier & Frank salesclerk for a purchase in the amount of $12 and that she did sign a credit sales slip prepared therefor in the name of Dan Agun from whom the credit card had been stolen earlier on the same day. It was further stipulated that she engaged in two additional transactions of the same nature although there is a dispute in the testimony as to whether or not she signed Agun's name to the sales slip in connection with one of the other two transactions. The three transactions resulted in the defendant's obtaining goods of a total value under $75.

Neither the defendant nor anyone else had been authorized by Agun to use the card which had been stolen from him. The defendant testified that she had been loaned the credit card in a tavern by a female acquaintance whose last name she did not know, but who had identified herself as the wife of the cardholder. The defendant had previously admitted to a police detective that she had no authority to use the card.

As to the first question the defendant argues that a person whose conduct violates both ORS 165.115 (forgery) and ORS 165.295 (6) (unlawful use of a credit card) must be charged with the latter offense because the credit-card statutes, ORS 165.290 and 165.300, pre-empt the field whenever criminal activity involving credit cards violates both those specific statutes and more general provisions of the criminal code. She cites California decisions which favor her position. These decisions have, in effect, been overruled by subsequent legislation. See Annotation, 24 ALR3d 986, 996-97 (1969).

■■ In any event, regardless of the rulings of the courts of other states, the Oregon Supreme Court settled the law of Oregon contrary to defendant's position in *State v. Pearson*, 250 Or 54, 440 P2d 229 (1968), when it rejected a similar claim that the "unlawful possession" provision, ORS 165.295 (2), of the credit-card statutes precluded application of the law of receiving and concealing stolen property to the receipt and concealment of a stolen credit card. *Pearson* clearly establishes that the Oregon credit-card statutes do not pre-empt the older, more general criminal laws of this state merely because they overlap some of them in certain respects. Accord, *McCrory v. State*, 210 So2d 877 (Miss 1968); *Vannerson v. State*, 403 SW2d 791, 793-94 (Tex Cr App 1966); *Shriver v. Graham*, 366 P2d 774 (Okla Cr App 1961).

As to the second question, defendant argues that the holding of *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955), makes her prosecution for forgery unconstitutional. *Pirkey* held former ORS 165.225 unconstitutional because it gave to a grand jury or a magistrate the arbitrary power to determine whether or not the

issuer of an NSF check should be prosecuted for a misdemeanor or a felony. Since *Pirkey* was decided it has been contended in numerous instances that the reasoning of that opinion must be applied to other cases in which a given act is punishable under more than one statute.

This contention has invariably been rejected. The Oregon Supreme Court has consistently held that as long as any reasonable basis exists for distinguishing between two criminal statutes, there can be no constitutional objection to the fact that a particular defendant's unlawful acts constitute a violation of both statutes, and therefore subject him to prosecution under either statute. The mere fact that a person's criminal activity violates two statutes, one defining a felony and the other a misdemeanor, does not confer upon him a constitutional right to be prosecuted for the misdemeanor.[1]

---

[1] See:

State v. Pearson, 250 Or 54, 440 P2d 229 (1968) (receiving and concealing stolen property, ORS 165.045, and possession of stolen credit card, ORS 165.295 (2)).

State v. Keys, 244 Or 606, 615-16, 419 P2d 943 (1966) (burglary not in a dwelling, ORS 164.240, and interference with coin-operated devices, ORS 164.635).

Rose v. Gladden, 241 Or 202, 405 P2d 543 (1965) (assault with dangerous weapon, ORS 163.250, and pointing firearm at another, ORS 163.320).

Black v. Gladden, 237 Or 631, 393 P2d 190 (1964) (shoplifting, ORS 164.390, and petit larceny, ORS 164.310).

Lilly v. Gladden, 220 Or 84, 348 P2d 1 (1960) (obtaining money by false pretenses, ORS 165.205, and petit larceny, ORS 164.310, as formerly worded).

State v. Popiel, 216 Or 140, 337 P2d 303 (1959) (felonious assault and battery, ORS 163.255, and simple assault and battery, ORS 163.260).

Cf. Broome v. Gladden, 231 Or 502, 373 P2d 611 (1962) (obtaining money by false pretenses, ORS 165.205, and drawing check on insufficient funds, ORS 165.225, held mutually exclusive).

■ In the present case, reasonable distinctions can be drawn between the two crimes under discussion. Contrary to defendant's assertion, the crime of uttering a forged instrument is not necessarily committed whenever a credit card is unlawfully used. A person may use a credit card to obtain goods unlawfully by signing his own name to a credit sales slip with knowledge that he has no authority to do so. Conceivably, an unlawful credit-card transaction could also take place in which the person presenting the card would not be required to sign anything. In either of these situations, ORS 165.295 (6) would be violated, but no forged instrument would be uttered.

Thus, the two statutes under discussion are sufficiently dissimilar to prevent the *Pirkey* rationale from barring prosecution of defendant for uttering a forged instrument in this case. Of course defendant unlawfully used a credit card, but she also did more—she forged Agun's signature—and thus subjected herself to prosecution under ORS 165.115.

Affirmed.