Argued March 27, reversed and remanded April 9, petition for rehearing denied May 10, petition for review denied June 26, 1973

STATE OF OREGON, *Appellant, v.* LEWIS JAMES FRANKE, JR. (No. C-72-08-2407 Cr), *Respondent.*

508 P2d 454

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

*J. Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for respondent. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FOLEY, J.

Defendant was indicted under ORS 165.013[1] for forgery in the first degree, a Class C felony. The indictment alleged that defendant

"* * * did unlawfully and knowingly, with intent to injure and defraud, utter a written instrument, which instrument purported to be a commercial instrument which might have evidence [sic] a legal interest, the said defendant well knowing the said written instrument to be forged, and which instrument is in words and figures as follows:

"[Attached to the indictment is a Phillips 66 gasoline credit sale slip evidencing sale of $3.75 in

---

[1] ORS 165.013 provides as follows:

"(1) A person commits the crime of forgery in the first degree if he violates ORS 165.007 and the written instrument is or purports to be any of the following:

"(a) Part of an issue of money, securities, postage or revenue stamps, or other valuable instruments issued by a government or governmental agency; or

"(b) Part of an issue of stock, bonds or other instruments representing interests in or claims against any property or person; or

"(c) A deed, will, codicil, contract, assignment, commercial instrument or other document which does or may evidence, create, transfer, alter, terminate, or otherwise affect a legal right, interest, obligation or status; or

"(d) A public record.

"(2) Forgery in the first degree is a Class C felony."

ORS 165.007 provides as follows:

"(1) A person commits the crime of forgery in the second degree if, with intent to injure or defraud, he:

"(a) Falsely makes, completes or alters a written instrument; or

"(b) Utters a written instrument which he knows to be forged.

"(2) Forgery in the second degree is a Class A misdemeanor."

merchandise, bearing the purported signature of Henry Jackson as customer, and showing use of credit card belonging to Henry Jackson.]
"* * * * *"

Defendant demurred to the indictment on the ground that since the alleged offense involved fraudulent use of a credit card, he could be prosecuted only under the statute specifically prohibiting such fraudulent use (ORS 165.055)[2] and not under the general forgery statute. The demurrer was sustained and the state appeals.

In *State v. Dumont,* 3 Or App 189, 471 P2d 847 (1970), this court held that the existence of a statute prohibiting unlawful use of a credit card (former ORS 165.295 (6)) did not preclude the state from prosecuting the defendant under former ORS 165.115 for uttering a forged credit sales slip, and that no constitutional problem was presented by the overlap in the two statutes. Although the case at bar involves the same kind of criminal activity as that involved in *Dumont,* defendant argued and the trial court concluded that *Dumont* was not controlling because the defendant herein was charged under the provisions of the Oregon Criminal Code of 1972. The trial court concluded that the legislature intended that ORS 165.055, the new credit card statute, should pre-

---

[2] ORS 165.055 provides in pertinent part as follows:

"(1) A person commits the crime of fraudulent use of a credit card if, with intent to injure or defraud, he uses a credit card for the purpose of obtaining property or services with knowledge that:

"(a) The card is stolen or forged; or

"(b) The card has been revoked or canceled; or

"(c) For any other reason his use of the card is unauthorized by either the issuer or the person to whom the credit card is issued.

"* * * * *"

empt the field of unlawful activity involving credit cards.

■ The change in the forgery and credit card statutes made no actual change in the substantive law. Use of a stolen credit card was previously prohibited by ORS 165.295 (6), and we held in *Dumont* that the existence of that statute did not preclude prosecution for the crime of knowingly uttering and publishing a forged evidence of debt. Use of a stolen credit card is now prohibited by ORS 165.055, and we find no basis on which *Dumont* can be distinguished so as to compel a different result in this case.

The legislative history of ORS 165.055 evidences no intention that that statute be the only one under which criminal activity involving a credit card should be prosecuted. Neither the minutes of the legislative committee nor the commentary of the Oregon Criminal Law Revision Commission contains any reference to *State v. Dumont,* supra, or any indication that the legislature intended to alter the rule of that case.

Defendant argues that his prosecution for forgery is unconstitutional under *State v. Pirkey,* 203 Or 697, 281 P2d 698 (1955). *Pirkey* held former ORS 165.225 unconstitutional because it gave to a grand jury or a magistrate the arbitrary power to determine whether the issuer of an NSF check should be prosecuted for a misdemeanor or a felony. As we pointed out in *State v. Dumont,* supra, the contention that the *Pirkey* rationale should be applied to cases involving the issue presented by the case at bar has been invariably rejected.

"* * * The Oregon Supreme Court has consistently held that as long as any reasonable basis exists for distinguishing between two criminal

statutes, there can be no constitutional objection to the fact that a particular defendant's unlawful acts constitute a violation of both statutes, and therefore subject him to prosecution under either statute. The mere fact that a person's criminal activity violates two statutes, one defining a felony and the other a misdemeanor, does not confer upon him a constitutional right to be prosecuted for the misdemeanor." *State v. Dumont,* supra, 3 Or App at 193.

■ In this case, as in *Dumont,* it is clear that a person can commit the crime of fraudulent use of a credit card without committing the crime of forgery, and therefore the *Pirkey* rationale has no application.

Reversed and remanded.