Argued and submitted April 9, affirmed July 24, 1980

# STATE OF OREGON,
## *Respondent,*
*v.*
# JAKE CLARENCE REYNOLDS,
## a/k/a Kenneth Eugene Moss,
### *Petitioner.*

(CA 12621, SC 26739)

614 P2d 1158

John K. Lowe, of Crist, Stewart & Lowe, Lake Oswego, argued the cause and filed a brief for petitioner. Also on briefs were Marianne Bottini, Deputy Public Defender, and Gary D. Babcock, Public Defender, Salem. Also on a supplemental brief was Jake C. Reynolds, pro per.

Robert C. Cannon, Assistant Attorney General, argued the cause for respondent. With him on the briefs were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Denecke, Chief Justice, and Howell, Lent, Peterson, and Tanzer, Justices.

HOWELL, J.

## HOWELL, J.

Defendant petitions for review of a decision by the Court of Appeals affirming his convictions of aggravated murder, manslaughter in the first degree, and robbery in the first degree. We limited our review to defendant's contention that his conviction and sentence for aggravated felony murder violate his constitutional rights to equal protection.

On the evening of June 9, 1978, two men entered a tavern in Sandy to commit robbery. Both men wore white masks and one man carried a rifle. The men told everyone in the tavern to get on the floor. When a patron moved from his seat and made a comment, the man with the rifle shot him in the chest and the patron died.

Defendant was indicted by the Clackamas County Grand Jury for the crimes of robbery in the first degree, murder, and aggravated felony murder.[1]

---

[1] The indictment reads in pertinent part:

"Indictment
ORS 164.415 (COUNT I)
ORS 163.115 (COUNT II)
ORS 163.095 (COUNT III)

"The above-named defendant is accused by the Grand Jury of the County of Clackamas, State of Oregon, by this indictment of the crime of ROBBERY IN THE FIRST DEGREE, MURDER and AGGRAVATED FELONY MURDER committed as follows:

"COUNT I

"The said defendant on or about the 10th day of June, 1978, in the County of Clackamas, State of Oregon, then and there being, did then and there unlawfully and knowingly use and threaten the immediate use of physical force upon Lorraine Marie Urnaut, by brandishing a rifle and demanding money, and was armed with a deadly weapon, to-wit: a rifle, while in the course of committing theft of property, to-wit: money, with the intent of preventing and overcoming resistance to the said defendant's taking of the said property, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

After a jury trial, defendant was convicted of aggravated murder, manslaughter and robbery in the first degree. The trial court then sentenced defendant to a term of life imprisonment without leave for parole or release for a minimum of 20 years. The Court of Appeals affirmed. 43 Or App 619, 603 P2d 1223 (1979).

Defendant contends that the aggravated felony murder statute, ORS 163.095(2)(d),[2] is uncon-

---

"COUNT II

"And as part of the same act and transaction, the said defendant, on or about the 10th day of June, 1978, in the County of Clackamas, State of Oregon, then and there being, did then and there unlawfully and intentionally cause the death of another human being, to-wit: Kermit Thorten Carney, by shooting the said Kermit Thorten Carney with a rifle, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon

"COUNT III

"And as a part of the same act and transaction, the said defendant, on or about the 10th day of June, 1978, in the County of Clackamas, State of Oregon, then and there being, did then and there unlawfully and knowingly commit the crime of ROBBERY IN THE FIRST DEGREE and in the course of and in the furtherance of the said crime which the said defendant was committing, the said defendant did personally cause the death of another human being, to-wit: Kermit Thorten Carney, not a participant in the crime, by shooting the said Kermit Thorten Carney with a rifle, said act of defendant being contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon.

2

"**ORS 163.095 'Aggravated murder' defined.**

"As used in ORS 163.105 and this section, 'aggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:

"* * * * *.

"(2) * * * * *.

"(d) The defendant personally committed the homicide in the course or in the furtherance of the crime of robbery in any degree, kidnapping or arson in the first degree, any sexual offense specified in this chapter, or in immediate flight therefrom.

" * * * * *."

ORS 163.095(2)(d) is commonly referred to as aggravated felony murder.

stitutional because the same conduct prohibited by that statute is also prohibited by the felony murder statute, ORS 163.115(1)(b).[3] The defendant argues that the State is therefore permitted an arbitrary choice as to which maximum punishment to pursue for persons committing the same act. Thus, defendant contends, the State violated his constitutional guarantees of equal protection under article I, section 20, of the Oregon Constitution and under the Equal Protection Clause of the fourteenth amendment to the United States Constitution.[4]

---

[3]

"**ORS 163.115 Murder; emotional disturbance described; sentence required.**

"(1) Except as provided in ORS 163.118 and 163.125, criminal homicide constitutes murder when:

"* * * * *.

"(b) It is committed by a person, acting either alone or with one or more persons, who commits or attempts to commit arson in the first degree, burglary in the first degree, escape in the first degree, kidnapping in the first degree, rape in the first degree, robbery in any degree or sodomy in the first degree and in the course of and in furtherance of the crime he is committing or attempting to commit, or the immediate flight therefrom, he, or another participant if there be any, causes the death of a person other than one of the participants; or

"* * * * *"

ORS 163.115(1)(b) is commonly referred to as felony murder.

[4] Or Const, art I, § 20:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

US Const, amend XIV:

"No State shall * * * deny to any person within its jurisdiction the equal protection of the laws."

For practical purposes the concepts of equal protection contained in the above provisions are usually the same. A court will rarely have occasion to hold that a law does not grant unequal privileges under article I, section 20, and yet denies equal protection under the Fourteenth Amendment, although the opposite may well occur. *See Tharalson v. State Dept. of Rev.,* 281 Or 9, 15, 573 P2d 298 (1978).

Defendant cites to *State of Oregon v. Pirkey,* 203 Or 697, 281 P2d 698 (1955). In that case we held that 1949 Or Laws, ch 129 § 1, making it a crime to draw a bank check with insufficient funds, was unconstitutional. That statute provided that a person accused of the specified crime may be proceeded against either as for a misdemeanor or as for a felony in the discretion of the grand jury or the magistrate to whom the complaint is made or before whom the action is tried. We said:

> " * * * So far as the statute is concerned, the same identical act, under the same circumstances, may constitute a felonious crime when committed by one person, and a misdemeanor when commited by another. * * *.

> "* * * [S]ince the statute itself furnishes no criterion by which to determine when an accused is to be charged with a felony, and when with a misdemeanor, the statute, at least insofar as it provides for alternative charges, must be void by reason of constitutional mandate * * *." 203 Or at 704-05.

In cases since *State of Oregon v. Pirkey, supra,* we have explained that where two statutes were intended to punish two different crimes, both statutes are constitutional although they overlap in certain particular elements. *See, e.g., Rose v. Gladden,* 241 Or 202, 405 P2d 543 (1965); *State v. Gordineer,* 229 Or 105, 366 P2d 161 (1961); *State v. Powell,* 212 Or 684, 321 P2d 333 (1958). In *Rose v. Gladden, supra* at 205, we said: "The rule in the *Pirkey* case is limited in this state to the statutory situation in which there is no basis for a distinction between two offenses."

■ The instant case does not fall within the rule of the *Pirkey* case. because the two statutes which the defendant refers to, ORS 163.095(2)(d) (aggravated felony murder) and ORS 163.115(1)(b) (felony murder) are distinct offenses. This court held in *State v. Cohen,* 289 Or 525, 614 P2d 1156, decided this date, that although the elements of ORS 163.095(2)(d) and ORS

163.115(1)(b) overlap, the statutes are different because ORS 163.095(2)(d) requires one additional element: personal commission of the homicide.

Felony murder under the 1971 Criminal Code remained unchanged until the enactment in 1977 of the aggravated murder statute (ORS 163.095(2)(d). Or Laws 1977, ch 370, § 1. Under the 1971 Criminal Code, all participants in a felony were culpable for felony murder regardless of who may have caused the death. For example, if two armed men rob a store and one robber kills the store clerk, then under the 1971 Criminal Code and ORS 163.115, both robbers would be guilty of felony murder. However, ORS 163.095(2)(d), enacted in 1977, now differentiates between the robber who personally committed the homicide and the robber who merely participated in the felony. ORS 163.095(2)(d) enhances the penalty for the participant who personally committed the homicide by requiring 20 years' imprisonment before parole may be considered.

The defendant argues that, as applied to all persons who are alleged to have personally committed a homicide in the course of the felonies specified in ORS 163.115(1)(b) and ORS 163.095(2)(d), the State has an arbitrary choice of which crime to charge and which punishment to pursue.

■ Although the State may choose to prosecute a defendant who personally commits a homicide during a felony under either ORS 163.095(2)(d) or under ORS 163.115(1)(b), that fact alone does not establish a violation of either article I, section 20, of the Oregon Constitution or the Equal Protection Clause of the Fourteenth Amendment. *See Black v. Gladden,* 237 Or 631, 393 P2d 190 (1964);[5] *State v. Gordineer, supra.*

---

5

"* * * The fact that a person may be charged with either ORS 164.310 [larceny statute] or ORS 164.390 [shoplifting statute] at the

The role of a prosecutor includes responsibility for evaluating the available evidence in any particular criminal case and deciding which criminal charge may be successfully prosecuted. The prosecutor's discretion is not unfettered, nor does he lack criteria for his decision. In the present case, because evidence indicated that defendant had personally committed the homicide, the prosecutor sought, and the grand jury returned, an indictment charging defendant with aggravated felony murder.

We note in particular the recent decision of the United States Supreme Court in *United States v. Batchelder,* 442 US 114, 99 S Ct 2198, 60 L Ed 2d 755 (1979). In that case the United States Court of Appeals for the Seventh Circuit had held that where two federal statutes provide different penalties for identical conduct and the federal prosecutor has unfettered discretion as to which statute to charge, such prosecutorial discretion could produce unequal justice and would be unconstitutional. The Seventh Circuit therefore remanded the case for resentencing under the statute providing the lesser penalty.

The United States Supreme Court reversed in an unanimous opinion in which the court said:

"Contrary to the Court of Appeals' assertions, a prosecutor's discretion to choose between §§ 922(h) and 1202(a) is not 'unfettered.' Selectivity in the enforcement of criminal laws is, of course, subject to constitutional constraints.[6] And a decision to

---

discretion of the district attorney, magistrate or grand jury does not rise to a constitutional objection." *Black v. Gladden,* 237 Or 631, 633, 393 P2d 190 (1964).

ORS 164.310 and ORS 164.390 were repealed by Or Laws 1971, ch 743, § 432.

[6] The Court included the following footnote 9:

"The Equal Protection Clause prohibits selective enforcement 'based upon an unjustifiable standard such as race, religion, or other arbitrary classification.' Oyler v Boles, 368 US 448, 456, 82 S Ct 501, 7 L Ed 2d 446 (1962). Respondent does not allege that his prosecution was motivated by improper considerations." *United States v. Batchelder,* 442 US 114, 124-25, 99 S Ct 2198, 60 L Ed 2d 755 (1979).

proceed under § 922(h) does not empower the Government to predetermine ultimate criminal sanctions. Rather, it merely enables the sentencing judge to impose a longer prison sentence than § 1202(a) would permit and precludes him from imposing the greater fine authorized by § 1202(a). More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the Equal Protection or Due Process Clause. * * * Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced. * * *" 442 US at 124-25. (Citations omitted.)

Defendant does not allege that his prosecution under ORS 163.095(2)(d) was a result of selective enforcement based upon race, religion or other arbitary classification. He merely alleges that prosecutorial discretion is patently a violation of equal protection. We disagree. A prosecutor's decision as to which distinct offense to charge a defendant with does not alone constitute a grant of unequal privileges or immunities or a denial of equal protection.

Affirmed.