Argued and submitted May 21, affirmed November 12, reconsideration denied December 19, 1986, petition for review denied February 3, 1987 (302 Or 594)

# STATE OF OREGON,
*Respondent,*

*v.*

# RONALD R. HUNTLEY,
*Appellant.*

(151,748, 151,749, 151,750;
CA A36731 (Control), A36732, A36733)
(Cases Consolidated)

728 P2d 868

Sally L. Avera, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Defendant appeals three convictions for providing a false statement under the election laws in violation of ORS 260.715(1).[1] We affirm.

Defendant was a candidate for State Representative in the 1982 primary and general elections and in the 1984 primary election. In the course of each campaign, he signed and submitted a form to the Secretary of State for publication in the Oregon Voters' Pamphlet which contained the following statement of his educational background:

> "Associate Degree, Political Science, Olympia College, 1961; Associate Degree, Law Enforcement, Portland Community College, 1970 * * *."[2]

At trial, the parties stipulated that defendant had not received any degree from either institution.

■ First, defendant contends that ORS 260.715(1) violates Article I, section 20, of the Oregon Constitution,[3] because it is so similar to ORS 162.085[4] that it confers on the state the unfettered discretion to charge an individual with a felony or a misdemeanor on the basis of identical conduct. The argument is without merit. The crimes defined by ORS 260.715(1), false statement under the election laws, and ORS 162.085, unsworn falsification, are distinct offenses. Although many of the elements overlap, ORS 260.715(1) requires the additional element that the falsity be included in a statement

---

[1] ORS 260.715(1) provides:

"No person shall knowingly make a false statement, oath or affidavit where a statement, oath or affidavit is required under the election laws."

Violation of the statute is a Class C felony. ORS 260.993(3).

[2] The statement submitted in connection with the 1982 primary election varied slightly in a manner not pertinent here.

[3] Article I, section 20, of the Oregon Constitution, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

[4] ORS 162.085 provides:

"(1) A person commits the crime of unsworn falsification if the person knowingly makes any false written statement to a public servant in connection with an application for any benefit.

"(2) Unsworn falsification is a Class B misdemeanor."

required by the election laws. As we said in *State v. Dumont,* 3 Or App 189, 193, 471 P2d 847 (1970):

> "[A]s long as any reasonable basis exists for distinguishing between two criminal statutes, there can be no constitutional objection to the fact that a particular defendant's unlawful acts constitute a violation of both statutes, and therefore subject him to prosecution under either statute. * * *"

■     A reasonable distinction can be drawn between false statements made about matters required to be stated under the election laws and false statements made to public officials concerning other matters. The legislature is entitled to decide that the former should be subject to a more severe penalty in order to discourage untruthfulness and dishonesty in the election process. The fact that the prosecutor has a choice between two offenses when charging a defendant "does not alone constitute a grant of unequal privileges or immunities or a denial of equal protection." *State v. Reynolds,* 289 Or 533, 541, 614 P2d 1158 (1980).

■     Second, defendant argues that his false statements were not "required under the election laws" and therefore do not fall within the statute. ORS 251.065(1) allows, but does not require, a candidate to "file with the Secretary of State * * * a typewritten statement of the reasons the candidate should be nominated or elected." If the candidate chooses to submit such a statement, ORS 251.085 provides that "[t]he candidate's statement *shall* begin with a summary of the following: Occupation, educational and occupational background, and prior governmental experience." (Emphasis supplied.) Thus, when defendant chose to file a candidate's statement, its substance was circumscribed by law, and the statements regarding his educational background were "required under the election laws" within the meaning of ORS 260.715(1).

Finally, defendant contends that ORS 260.715(1) unconstitutionally infringes on freedom of speech guaranteed by Article I, section 8, of the Oregon Constitution.[5] This

---

[5] Article I, section 8, of the Oregon Constitution, provides:

"No law shall be passed restraining the free expression of opinion, or restricting the right to speak, write, or print freely on any subject whatever; but every person shall be responsible for the abuse of this right."

argument also fails. In *State v. Robertson,* 293 Or 402, 649 P2d 569 (1982), the Supreme Court explained that, although the constitutional guarantee of freedom of speech generally prohibits the enactment of statutes directed to the subject of communication, such laws are permissible when

> "* * * the scope of the restraint is wholly confined within some historical exception that was well established when the first American guarantees of freedom of expression were adopted and that the guarantees then or in 1859 demonstrably were not intended to reach. Examples are *perjury,* solicitation or verbal assistance in crime, some forms of theft, forgery and fraud and their contemporary variants." 293 Or at 412. (Emphasis supplied.)[6]

The state argues that ORS 260.715(1) is a contemporary variant of perjury. It supports the argument by tracing the history of the statute from the first prohibition against false statements under the election laws to the current ORS 260.715(1). Although we find the historical analysis instructive, it does not lead inevitably to a conclusion that the current statute is free from constitutional difficulties.

The Oregon Supreme Court has said that perjury is one of the historical exceptions to the Oregon Constitution's free speech provision. *State v. Robertson, supra,* 293 Or at 412. Contemporary variants of perjury are thus beyond constitutional reproach. The perjury statute in force in Oregon at the time this state's constitution was enacted stated, in pertinent part:

> "If any person authorized by any law of this state to take an oath or affirmation, or of whom an oath or affirmation shall be required by such law, shall wilfully swear or affirm falsely in regard to any matter or thing concerning which such oath or affirmation is authorized or required, such person shall be deemed guilty of perjury * * *." General Laws of Oregon, ch 46, § 598 (Deady 1845-1864).

---

[6] In *In re Lasswell,* 296 Or 121, 124, 673 P2d 855 (1933), the court restated its test:

"[T]his guarantee forecloses the enactment of prohibitory laws, at least in the form of outright prohibitions backed by punitive sanctions, that in terms forbid speech or writing 'on any subject whatever,' unless it can be shown that the prohibition falls within an original or modern version of a historically established exception that was not meant to be ended by the liberating principles and purposes for which the constitutional guarantees of free expression were adopted."

Perjury could be committed outside judicial proceedings:

> "[E]very person convicted of the crime of perjury, committed otherwise than in a proceeding before a court of justice * * * shall be punished by imprisonment in the penitentiary, not less than two, nor more than five years." General Laws of Oregon, ch 46, § 599 (Deady 1845-1864).

The first statute prohibiting false statements in the election laws was passed in 1909. It punished, as perjury, knowingly making a false oath or affidavit when an oath or affidavit was required by the election laws. General Laws of Oregon 1909, ch 3, § 55. The election laws required, for example, sworn statements for campaign expenditure reports and oaths of voters whose right to vote was challenged. The statute was fundamentally a perjury statute, narrowly directed at perjury in the elections process. The voter's pamphlet provisions at that time did not require that candidates submit any specific factual information and did not require a sworn statement. Thus, there was no criminal penalty under the election laws for falsification of information published in the Voters' Pamphlet.

By 1957, the election laws false statement statute had evolved to provide:

> "No person shall knowingly make any false oath or affidavit where an oath or affidavit is required by *any* provision of the election laws. Violation of this section shall be deemed perjury and, upon conviction, punished accordingly." Or Laws 1957, ch 644, § 13, codified as ORS 260.500. (Emphasis supplied.)

In 1971, the provision was renumbered as ORS 260.552, and the reference to "perjury" was dropped. Violation of the statute remained a felony. Or Laws 1971, ch 749, § 56.

The final major change in the statute occurred in Oregon Laws 1979, chapter 190, section 392, when the current ORS 260.715(1) replaced the previous statute. For the first time, it prohibited false statements as well as false oaths or affidavits. The elections laws now provide that campaign financial reporting is no longer accomplished through affidavits, but by statements required by law. *See* ORS chapter 260. Candidates choosing to submit a statement for publication in the Voters' Pamphlet are required to provide certain specific, factual information to be published with their campaign

statements. ORS 251.085. Because of the change in ORS 260.715(1), statements containing the facts required by ORS 251.085 and submitted for publication in the Voters' Pamphlet now come within the scope of the statute. Thus, what began as a prohibition against false oaths and affidavits given in the elections arena, has extended to false statements, where statements are required by the election laws.

■ ■ The signed statement that defendant submitted to the Secretary of State for publication included the following:

"By signing this form I HEREBY CERTIFY THAT all information supplied by me about my occupation, educational and occupational background, and prior governmental experience is true to the best of my knowledge."

Although it is not a sworn statement, it is one certified as true. As with oaths and affidavits, the certification alerts the signator to the seriousness of the document and serves as an admonition to review the statement for accuracy. The certification serves a purpose similar to that served by oaths and affidavits: to impress upon the speaker the gravity of the occasion and the necessity for truth-telling. It indicates to the voting public that this is a statement on which it may rely. False sworn statements are punishable as perjury. When a statement, required by the election laws, is certified as true by the signator, criminal prosecution and conviction for furnishing false information is an contemporary variant of perjury and is not beyond constitutional limits.[7]

■ Here, there is no danger of infringing on free debate or exchange of political views so basic to our political structure. Candidates are free to include in the Voters' Pamphlet "a statement of the reasons the candidate should be nominated or elected." ORS 251.065(1). The statement required by ORS 251.085, however, is one of fact: a summary of the candidate's occupation, educational and occupational background and governmental experience. Those are verifiable facts, not open to dispute or debate. A candidate who falsifies those facts is trying to mislead the voting public and would undermine the

---

[7] We are not asked to decide whether an uncertified statement could be the subject of a constitutional limitation, and we offer no opinion on that issue.

electoral process. The legislature is not prohibited by Article I, section 8, from punishing such conduct.[8]

Affirmed.

---

[8] Defendant raises no First Amendment issues.