# STATE OF OREGON,
*Respondent,*

*v.*

# DONALD JAMES PENNINGTON,
*Appellant.*

(91-474; CA A71770)

852 P2d 900

Wayne Mackeson, Portland, argued the cause for appellant. With him on the brief was Des Connall, P.C., Portland.

Janie M. Burcart, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Defendant appeals his conviction for first degree rape. ORS 163.375. He assigns error to the trial court's denial of his motion for judgment of acquittal and asks us to reverse and remand for resentencing, with instructions to enter a conviction for either incest or third degree rape. We affirm.

Defendant was charged in a ten-count indictment with two counts of first degree sodomy, ORS 163.405, first degree rape, ORS 163.375, two counts of second degree sexual abuse, ORS 163.415, three counts of incest, ORS 163.525, attempted rape in the first degree, ORS 161.405 and ORS 163.375, attempted incest, ORS 161.405 and ORS 163.525, and endangering the welfare of a minor, ORS 163.575. On the first degree rape charge, he waived a jury and stipulated to having had sexual intercourse with his 15-year-old daughter. He then moved for a judgment of acquittal on the rape charge. The trial court denied the motion and entered a conviction for first degree rape. The remaining charges were dismissed.

■ ■ Defendant first argues that, because his conduct subjected him to prosecution for first degree rape, a Class A felony, or for incest, a Class C felony, the "statutes prescribe two different penalties for what is, in fact, the same offense." Relying on *State v. Pirkey*, 203 Or 697, 281 P2d 698 (1955), and *State v. Cory*, 204 Or 235, 282 P2d 1054 (1955), he argues that his conviction violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the "Privileges and Immunities" provision of Article I, section 20, of the Oregon Constitution. He contends that, because the prosecutor had unlimited discretion in deciding which of those two identical crimes to charge defendant with, these provisions were violated, rendering his conviction void. He asserts that, as a matter of law, his motion for judgment of acquittal on the first degree rape charge should have been granted.

In *Pirkey*, the statute under which the defendant was convicted allowed the same conduct to be charged as either a felony or a misdemeanor, without providing any criteria for deciding which offense should be charged. The Supreme Court held that the statute violated the Equal Protection Clause. However, as recognized in *City of Klamath Falls v.*

*Winters*, 289 Or 757, 781, 619 P2d 217 (1980), the reasoning of *Pirkey* and *Cory* were overruled by *United States v. Batchelder*, 442 US 114, 99 S Ct 2198, 60 L Ed 2d 755 (1979).

Even if the rationale of *Pirkey* retains some vitality, that rationale does not apply when the statutes at issue require proof of different elements. As explained in *State v. Reynolds*, 289 Or 533, 538, 614 P2d 1158 (1980):

"In cases since *State of Oregon v. Pirkey, supra*, we have explained that where two statutes were intended to punish two different crimes, both statutes are constitutional although they overlap in certain particular elements. *See, e.g., Rose v. Gladden*, 241 Or 202, 405 P2d 543 (1965); *State v. Gordineer*, 229 Or 105, 366 P2d 161 (1961); *State v. Powell*, 212 Or 684, 321 P2d 333 (1958). In *Rose v. Gladden, supra*[, 241 Or] at 205, we said: 'The rule in the *Pirkey* case is limited in this state to the statutory situation in which there is no basis for a distinction between two offenses.' "

Here, the two offenses in question are *not* the same. When defendant was charged, ORS 163.375 provided in pertinent part:

"(1)   A person who has sexual intercourse with a female commits the crime of rape in the first degree if:

"* * * * *

"(c)   The female is under 16 years of age and is the male's * * * daughter[.]"[1]

ORS 163.525 provides, in part:

"(1)   A person commits the crime of incest if the person marries or engages in sexual intercourse or deviate sexual intercourse with a person whom the person knows to be related to the person, either legitimately or illegitimately, as an ancestor, descendant or brother or sister of either the whole or half blood."

The trial court correctly analyzed some of the differences between these statutes:

"[T]he question is whether there is any additional element in the Rape in the First Degree that is not present in * * * Incest[.] * * * Incest requires only that there be a specific relationship and does not require that any age limitation

---

[1] The statute has since been amended. Or Laws 1991, ch 628, § 3.

apply. Rape in the First Degree requires both a relationship and an age limitation.

"Therefore, there is an additional element in Rape in the First Degree that is not present in * * * Incest, and that fact would cause the Statute to survive the challenge that Counsel makes." *See State v. Crotsley*, 308 Or 272, 779 P2d 600 (1989).[2]

Because the two offenses here are not the same, defendant's federal constitutional argument fails.

We also conclude that defendant's argument on the basis of Article I, section 20, fails, because neither the rape nor the incest statute provides any "privileges or immunities," and because, as discussed above, each offense has distinct elements that limit prosecutorial discretion. *See State v. Farrar*, 309 Or 132, 786 P2d 161 (1990); *City of Klamath Falls v. Winters, supra.*

■ Defendant next argues that the victim was not his "daughter" for purposes of ORS 163.375 because, although she was his biological daughter, the victim had been adopted by other persons when she was four years old. He relies on ORS 109.041(1), a provision in the adoption statutes, that provides:

"The effect of a decree of adoption heretofore or hereafter granted by a court of this state shall be that the relationship, rights and obligations between an adopted person and the descendants of the adopted person and

"* * * * *

"(b)   The natural parents of the adopted person, their descendants and kindred *shall be same to all legal intents and purposes* after the entry of such decree as if the adopted person had been born in lawful wedlock to the adoptive parents and had not been born to the natural parents." (Emphasis supplied.)

Defendant argues that that provision should be read into the definition of the term "daughter," as used in the rape statute. He argues that the term "daughter" should be restricted to situations where there is a domestic relationship of parent

---

[2] At trial, defendant's challenge was directed at the incest charge, the first degree rape charge and its lesser included charge of third degree rape. Here, defendant has abandoned any argument with respect to third degree rape.

and child, not to circumstances such as these where the child is the defendant's biological descendent, but has been adopted.

We see no reason to look beyond the plain meaning of the word "daughter." *See Satterfield v. Satterfield*, 292 Or 780, 782, 643 P2d 336 (1982). "Daughter" is defined as "a human female having the relation of child to a parent," or a "female descendant." *Webster's Third New International Dictionary* 577 (unabridged 1971). Even if it could be said that the term "daughter" is ambiguous as used in the rape statute, we conclude that construing the term to exclude a biological child would be inconsistent with the legislative intent and purpose of this statute, which differ completely from the purpose of the adoption statute. ORS 174.010.

The trial court did not err in denying defendant's motion for a judgment of acquittal.

Affirmed.