Submitted December 16, 2010, affirmed June 22, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

AMANDA N. PETTENGILL,
*Defendant-Appellant.*

Douglas County Circuit Court
08CR0464FE; A141965

260 P3d 540

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, David B. Thompson, Interim Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Senior Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

Like *State v. Savastano*, 243 Or App 584, 260 P3d 529 (2011), this case raises the question of whether the prosecution violated Article I, section 20, of the Oregon Constitution by aggregating several theft offenses without using a systematic, consistently applied policy. We conclude that defendant did not carry her burden of establishing that the prosecution violated the constitution as she alleges. We therefore affirm.

Between June 2005 and June 2007, defendant worked in her employer's accounting department. After she left the company, her supervisor received information leading her to believe that defendant had committed many thefts, some by crediting herself with extra overtime pay and some by not posting the full amount of payments received. Defendant was subsequently indicted on three charges of theft in the first degree. To arrive at that charging decision, the prosecution invoked ORS 164.115(5), which provides:

> "The value of single theft transactions may be added together if the thefts were committed:
>
> "* * * * *
>
> "(b)   Against the same victim, or two or more persons who are joint owners, within a 180-day period."

In the present case, the statute allowed the prosecutor to aggregate a series of misdemeanor thefts so as to produce three felony counts. Before trial, defendant filed a motion to prohibit the court from aggregating the theft transactions pursuant to ORS 164.115(5), contending that doing so without being guided by a systematic policy, consistently applied, violated her right to equal treatment under Article I, section 20, of the Oregon Constitution. The state responded that the prosecutor made charging decisions in theft cases according to a policy that consisted of a list of 26 factors to be taken into consideration in each case. The court denied defendant's motion, and she was subsequently convicted. On appeal, she assigns error to the court's denial of her motion to prohibit use of ORS 164.115(5).

As we explained in *Savastano*, 243 Or App at 588,

> "The law governing standardless distribution of privileges and immunities under Article I, section 20, is well settled. That provision bars unlawful governmental discrimination against individuals as individuals, as well as against individuals based on their membership in some class. *State v. Buchholz*, 309 Or 442, 446, 788 P2d 998 (1990); *State v. Clark*, 291 Or 231, 237, 630 P2d 810, *cert den*, 454 US 1084 (1981). The former type of unlawful discrimination occurs when the state distributes a benefit or burden in a standardless, ad hoc fashion, without any 'coherent, systematic policy.' *State v. Freeland*, 295 Or 367, 375, 667 P2d 509 (1983). The prohibition on ad hoc distribution of burdens or benefits 'reaches forbidden inequality in the administration of laws under delegated authority as well as in legislative enactments.' *Clark*, 291 Or at 239. It constrains, among other things, prosecutorial discretion, including prosecutorial charging decisions. *State v. McDonnell*, 313 Or 478, 837 P2d 941 (1992) (decision to offer plea bargain); *Buchholz*, 309 Or at 446-47 (same); *State v. Farrar*, 309 Or 132, 786 P2d 161, *cert den*, 498 US 879 (1990) (decision whether to prosecute for aggravated murder or murder); *Freeland*, 295 Or 367 (decision whether to charge by information or indictment); *State v. Reynolds*, 289 Or 533, 539-40, 614 P2d 1158 (1980) (decision whether to charge for murder or felony murder). To prevail on such a claim, the defendant has the burden of establishing the lack of criteria or, if these are criteria, the lack of consistent enforcement. *City of Salem v. Bruner*, 299 Or 262, 271, 702 P2d 70 (1985). The criteria need not be formally promulgated; in fact, they need not even be written policies. *Clark*, 291 Or at 246.
>
> "Analysis of a claim that the state, directly or by delegated authority, has run afoul of the individual-based aspect of Article I, section 20, involves two inquiries: First, has a state actor made a decision that confers a privilege or imposes an immunity of constitutional magnitude? Second, if so, has the person claiming a constitutional violation shown that the decision did not result from the application of 'sufficiently consistent standards to represent a coherent, systematic policy'? *Freeland*, 295 Or at 375."

In the present case, defendant acknowledges the existence of a policy, but contends that "[w]ithout a more detailed explanation of how the prosecutor reached her charging decision, it

is impossible to determine whether her choice to apply ORS 164.115(5) to defendant's conduct was made pursuant to a coherent and systematic policy that is applied consistently to all defendants."

Defendant may be correct that a list of general factors, including (as did the prosecutor's list in the present case) "any other circumstances or factors unique to the case," does not automatically and necessarily meet the requirements of Article I, section 20. To do so, the policy must be systematically and consistently applied. *Freeland*, 295 Or at 377. However, to prevail, *defendant* must demonstrate inconsistency. *Bruner*, 299 Or at 271. She made no attempt to do so in this case. The court did not err in denying her motion.

Affirmed.