Submitted August 2, affirmed October 26, 2011

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

SCOTT ALLEN SMITH,
*Defendant-Appellant.*

Coos County Circuit Court
09CR0617; A144109

265 P3d 79

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Chief Deputy Defender, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Edmonds, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant, who was convicted of first-degree theft, ORS 164.055, argues that the trial court erred in denying his motion to dismiss on the ground that the prosecutor's decision whether to aggregate theft offenses into a single charge alleging theft of more than $1,000 violated Article I, section 20, of the Oregon Constitution.[1] As explained below, we conclude that the trial court correctly denied the motion to dismiss, and therefore affirm.

The pertinent facts are not in dispute. The state alleged that, within a two-week period, defendant "did unlawfully and intentionally commit theft of computers, DVD player and dog food" from the victim, and that "the property stolen had a value of $1,000 or more." Under ORS 164.055(1)(a), a person commits first-degree theft if the person takes property and the total value of the property "in a single or aggregate transaction" exceeds a certain threshold amount. Under ORS 164.115(5)(b), single thefts "may be added together" (aggregated), if, as pertinent here, they were perpetrated against the same victim and were committed within a 180-day period.

The parties entered into the following stipulation of facts with respect to defendant's motion to dismiss:

"1.　The Coos County District Attorney's Office does not have a written policy relating to or implementing the provisions of ORS 164.115(5)(b).

"2.　Upon receiving police reports containing allegations of theft against a defendant, the District Attorney's Office determines the total amount of the value of the items stolen within a 180 day period.

"3.　The District Attorney's Office then determines the level of the offense the defendant should be charged with.

"4.　The individual district attorney assigned to the case makes a charging decision. The factors that enter into this charging decision include the individual facts of the

---

[1] Article I, section 20, provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

case, the total amount of the loss attributable to the theft and the defendant's criminal history."

Defendant asserted before the trial court, and reiterates on appeal, that the practice described in the stipulation is not a "coherent, systematic policy" of the type required for charging decisions, and, thus, it violates Article I, section 20, of the Oregon Constitution. *State v. Freeland*, 295 Or 367, 375, 667 P2d 509 (1983).

Recently, in *State v. Savastano*, 243 Or App 584, 260 P3d 529 (2011), and *State v. Pettengill*, 243 Or App 591, 260 P3d 540 (2011), we considered similar Article I, section 20, challenges to prosecutors' decisions on how to aggregate theft charges. In *Savastano*, the defendant challenged the aggregation of various theft offenses into 10 counts of aggravated first-degree theft and six counts of first-degree theft. The prosecutor explained that, although the district attorney's office had no policy guiding theft charging decisions, the counts were charged in that manner because each count included the thefts that had occurred within a particular month. 243 Or App at 587. As we explained, to prevail on his claim, the defendant "ha[d] the burden of establishing the lack of criteria or, if there are criteria, the lack of consistent enforcement." *Id.* at 588. In *Savastano*, we agreed with the defendant that there was a "lack of criteria" for the charging decision, and we rejected the state's argument that the criterion used—each charge representing one month—was permissible because, although not used in the past, it could provide the basis for a coherent and systematic charging policy. *Id.* at 589.

By contrast, in *Pettengill*, the defendant challenged the decision to charge her with first-degree theft (a felony) based on aggregation of the amounts taken, rather than a series of misdemeanor thefts. The defendant argued that the district attorney's charging decision violated Article I, section 20. In that case, unlike in *Savastano*, the district attorney's office had adopted a list of 26 factors to be considered in determining how to charge theft crimes. We stated:

> "In the present case, defendant acknowledges the existence of a policy, but contends that '[w]ithout a more detailed explanation of how the prosecutor reached her

charging decision, it is impossible to determine whether her choice to apply ORS 164.115(5) to defendant's conduct was made pursuant to a coherent and systematic policy that is applied consistently to all defendants.'

"Defendant may be correct that a list of general factors, including (as did the prosecutor's list in the present case) 'any other circumstances or factors unique to the case,' does not automatically and necessarily meet the requirements of Article I, section 20. To do so, the policy must be systematically and consistently applied. * * * However, to prevail, *defendant* must demonstrate inconsistency."

243 Or App at 594-95 (emphasis and brackets in original; citations omitted).

In this case, defendant asserts that the practice described in the stipulation—in particular the "individual facts of the case" criterion—is *ad hoc* and standardless. That, for practical purposes, is the same type of argument that we rejected in *Pettengill*. Here, the district attorney's practice qualifies as a policy that governs charging decisions. In order to prevail, defendant had the burden of demonstrating a "lack of consistent enforcement." *Id.* We conclude that, as in *Pettengill*, defendant failed to demonstrate that the policy in question violated Article I, section 20, in the challenged respect.

Affirmed.